### Russell Price v. George Jester.

1. DECREE—*when not disturbed as against the evidence.* A decree will not be set aside as against the weight of the evidence unless the findings of the chancellor are palpably erroneous.

2. TENDER—*effect of, by way of admission.* A debtor by tendering a certain amount to his creditor must be held to admit every fact which the creditor would be required to prove to entitle him to a decree for the amount tendered.

3. SOLICITOR'S FEES—*when amount of allowance will not be disturbed on review.* An allowance of solicitor's fees made by the trial court will not be disturbed on review unless clearly against the evidence.

Mechanic's lien. Appeal from the Circuit Court of Christian county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in

this court at the May term, 1907.    Affirmed.    Opinion filed December 7, 1907.

HOGAN & WALLACE, for appellant.

JAMES M. TAYLOR, LESLIE J. TAYLOR and F. P. DRENNAN, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to enforce a mechanic's lien for labor and material in installing a hot water heating plant in appellant's residence, and for plumbing and sewerage. Upon the hearing before the chancellor a decree was entered against appellant for the sum of $812.62, together with interest, amounting in the aggregate to $852.21, also the sum of $50 for solicitor's fee.

It was contended on behalf of appellant that his contract for the work was made with appellee and one Wade Bourne as partners, and not with appellee individually, and that it was agreed that appellant should be credited in the final settlement with the amount of a note which he held against Bourne. The alleged partnership is denied by appellee, but in view of the fact that a clear preponderance of the evidence shows that no such agreement was made by either Bourne or appellee, the issue as to whether or not there was a partnership, becomes immaterial.

It is urged that the decree is not supported by the evidence upon the issue as to whether or not the heating plant was installed in a workmanlike manner so as to effectively heat the building. The evidence upon this issue is close and conflicting, and we are not disposed to hold that the finding of the chancellor is so palpably erroneous as to require a reversal of the decree. Furthermore, it appears that appellant tendered to appellee upon the hearing, the sum of $542.25 in cash and the Bourne note for $289.68, making the total of $831.93, considering the note at its face value.

This amount was more than the claim of appellee, excluding interest.

While the offer of appellant to surrender the note, to be applied upon his indebtedness to appellee, was not a lawful tender of the amount due upon the note, it was, in effect, an admission on the part of appellant that he was indebted to appellee in an amount equal to the sum of the cash tender and the face value of the note. It has been held that a debtor, by tendering a certain amount to his creditor, must be held to admit every fact which the creditor would be required to prove to entitle him to a decree for the amount tendered. Uedelhofen v. Mason, 201 Ill. 465. The tender by appellant in this case strongly suggests that the defense interposed by him that the work was not done according to contract, is not made in entire good faith. A consideration of the evidence in the record impels us to the conclusion that the refusal of appellee to accept the note of Bourne in part settlement for the work done and materials furnished, rather than a claim on the part of appellant that the heating plant is inefficient, is the mainspring of this litigation.

Appellee assigns cross-errors on the ruling of the court upon some questions relating to chancery practice, but as the questions involved do not go to the merits of the case, and are purely academic upon this record, we are not called upon to consider and determine them.

Appellee also assigns cross-error upon the refusal of the court to allow him more than $50 for his solicitor's fees. The amount to be allowed appellee for his solicitor's fees was within the sound judicial discretion of the court, and we are not disposed to say such discretion was abused to the prejudice of appellee.

One half of the cost of the additional abstract furnished by appellee will be taxed against appellant and the decree will be affirmed.

*Affirmed.*