EDWARD J. HILL *et al.*

*v.*

JOHN D. PARSONS *et al.*

*Filed at Ottawa May 19, 1884.*

1. SETTLEMENT—*as operating to cut off defences known prior thereto.* Where notes are given on a settlement for a balance found to be due the payee, after all the causes of set-off and other claims of damage by delay have arisen, which are fully known to the maker when he gives the notes, he will be precluded from urging such matters of set-off or recoupment in defence to a suit upon the notes.

2. MEASURE OF DAMAGES—*delay in the manufacture of books.* On a failure to complete the work on books, and deliver the same within the time agreed upon, it is not admissible to prove, on the question of damages, from the delay, that there may have been a demand for the books had they been ready at the proper time. If the party for whom the books were manufactured had made sales of books, and suffered a loss of profits thereon in con-

sequence of the delay in completing the work, evidence of such facts would be competent on the question of damages.

3. ERROR WILL NOT ALWAYS REVERSE—*exclusion of evidence.* Slight error in the exclusion of evidence, as, when its admission could not have changed the result, is no ground of reversal.

4. · INSTRUCTIONS—*given by the court instead of those asked by the parties.* Where the court refuses all the instructions asked on both sides, and on its own motion gives others, containing all the law involved in the case, there will be no error in refusing the instructions asked, even though they contained correct propositions of law, as no injury could result in such case.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Mr. E. J. HILL, for the appellants:

The court erred in ignoring the testimony as to defects in the books, and the damages arising therefrom. *Peck* v. *Brewer,* 48 Ill. 54; *Burroughs* v. *Clancy,* 53 id. 30.

The account for the price of the books was closed by promissory notes, it is true, but does this show a settlement of all claims and differences between the parties? *Waterman* v. *Clark,* 76 Ill. 428; *Ramsey* v. *Tully,* 12 Bradw. 463.

The execution of a promissory note is not evidence of a settlement of all accounts between the parties prior to the date of the note. *Ankeny* v. *Pierce,* Breese, 225; *Crabtree* v. *Rowand,* 33 Ill. 421; *White* v. *Jones,* 38 id. 159; *Rosencrantz* v. *Mason,* 85 id. 262; *Phy* v. *Clark,* 35 id. 37; *Eddie* v. *Eddie,* 61 id. 134; *Rayburn* v. *Day,* 27 id. 46; *Archibald* v. *Argall,* 53 id. 307; *Borchsenius* v. *Canutson,* 100 id. 82.

There is no account stated here. The doctrine of account stated has no application except between merchant and merchant. 1 Greenleaf on Evidence, sec. 197; *Miller* v. *Bruns,* 41 Ill. 293.

The testimony as to the damages for the delay, which was offered, should have been received. *Ramsey* v. *Tully,* 12 Bradw. 463.

Mr. CHAS. L. EASTON, for the appellees :

The testimony of appellant Hill, when he attempted to show contracts of sales without producing them, they being in writing, was properly excluded. *Priestly* v. *N., Q. and C. R. R. Co.* 26 Ill. 205; *Olmstead* v. *Burke,* 25 id. 86; *Moline Water Power Co.* v. *Watriss,* 10 Bradw. 159; Sedgwick on Measure of Damages, chap. 24, sec. 575; 1 Chitty's Pleading, 397.

Appellees insist that the notes upon which the judgment was obtained are evidence of an account stated between the parties, and it is incumbent upon the appellants to show what the items of the account were, and that some one or more of them were erroneous. *Phy* v. *Clark,* 35 Ill. 377; *White* v. *Jones,* 38 id. 159; *Crabtree* v. *Rowand,* 33 id. 421; *Rosencrantz* v. *Mason,* 85 id. 262; *Eddie* v. *Eddie,* 61 id. 134; *Niles* v. *Harmon,* 80 id. 403; *Wickenkamp* v. *Wickenkamp,* 77 id. 94; *Morrison* v. *Smith,* 81 id. 221; *Straubher* v. *Mohler,* 80 id. 21; *Gore* v. *Campbell,* 4 Bradw. 661; *Ritchie* v. *Cherist,* 8 id. 534; *Moline Water Power Co.* v. *Watriss,* 10 id. 159.

Mr. JUSTICE CRAIG delivered the opinion of the Court :

This was an action brought by appellees, surviving members of the firm of Weed, Parsons & Co., against Edward J. Hill and Henry S. Austin, upon two promissory notes, amounting in the aggregate to $1350, and interest from the date of the notes.   These notes, with others, were given in settlement of an account between the firm of Weed, Parsons & Co. and appellant Hill, for printing and binding a certain number of the four volumes of "Hill's Illinois Digest."   To the declaration the defendants pleaded, first, the general issue, with affidavit of merits ; second, set-off as to volume 1, for delay, etc., claiming special damages; third, set-off as to volume 2, for delay, etc., claiming special damages; fourth, set-off as to volume 3, for delay, etc., claiming special damages; fifth, set-off as to volume 4, for delay, etc., claiming special dam-

ages; sixth, set-off for delay, etc., as to the two hundred and eighty sets under order of January 11, 1882, claiming special damages; seventh, set-off common counts for money had and received, etc., claiming, specially, the payment for the five hundred and fifty-nine hours, and the overcharge above contract price of thirty-three cents per page for volumes 2, 3 and 4; and eighth, an additional plea of recoupment for unskillful workmanship, and damages for breach of implied warranty, etc., claiming special damages. On a trial of the cause in the Superior Court, before a jury, a verdict and judgment were rendered in favor of the plaintiffs for the full amount of the notes sued upon, and, on appeal, that judgment was affirmed in the Appellate Court.

As to the delay in the completion of the work, complained of, the evidence tended to prove that it was mainly caused by defendants' failure to pay. In regard to the overcharges on volumes 2, 3 and 4 beyond contract price, the evidence tends to prove that a new agreement was made, and that Hill agreed to pay the amount claimed as an overcharge,—and, indeed, such claim of set-off was met with testimony which would authorize the finding of the jury. But in addition to the evidence alluded to, the testimony tended to establish, to the satisfaction of any reasonable jury, that the notes sued upon were given in settlement of a balance due plaintiffs after all the supposed causes of set-off had arisen in favor of the defendant Hill, and were fully known to him. If this was the case, as the jury were authorized to believe, and so found, from the evidence, that would dispose of the defence attempted to be set up to the notes.

But it is insisted the court erred in the exclusion of certain evidence offered by the defendants to prove damages sustained on account of a failure of plaintiffs to complete the work on the books within the time agreed upon. The fact that there may have been a demand for the books had they been ready at a certain time, was not sufficient, and this

is the character of evidence excluded by the court. If defendants had made sales of books, and suffered a loss of profits thereon in consequence of the failure of the plaintiffs to complete the work and have the books ready for delivery within a specified time fixed by the contract, evidence of such facts was competent for the consideration of the jury, and upon an examination of the record it will be found that the court ruled that the defendants were entitled to introduce evidence of that character. If the defendants had orders for books, it was an easy matter to produce them, and then follow this up by proving that in consequence of a failure to receive the books at a specified time, the sales and consequent profits were lost,—and had such evidence been offered, no doubt it would have been admitted. But even if there was slight error in the ruling of the court on the admission of evidence, it would not be sufficient ground to reverse the judgment, as we are satisfied, if all the evidence offered had been admitted, the result would have been the same.

It is also claimed that the court erred in the instructions to the jury. The plaintiffs requested the court to give seven instructions in their behalf, and the defendants requested the court to give eight instructions for them. The court, however, refused all of the instructions thus presented, and, on its own motion, gave to the jury three carefully prepared instructions, which contained all the law involved in the case. Whether any of defendants' instructions contained correct propositions of law or not, is not a material inquiry here, as the instructions given by the court fairly instructed the jury on all legal questions involved in the case. No injury was done by the refusal of the instructions prepared by them.

So far as is disclosed by the record, the parties have had a fair trial, and we perceive no error in the record for which the judgment of the Appellate Court should be reversed. It will therefore be affirmed.

*Judgment affirmed.*