## A. W. Treat v. Snydecker, Fyffe & Co.

1. PROMISSORY NOTES—*Given in Settlement of Losses in Option Deals.*—A promissory note given in settlement of losses in option deals on the Board of Trade, is illegal and against public policy, and its mere recognition by part payments and promises to pay the balance by the maker will not relieve it from its illegality or estop him from urging it as a defense.

Assumpsit, on a promissory note. Appeal from the Circuit Court of Shelby County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1900. Reversed and remanded. Opinion filed December 7, 1900.

E. A. RICHARDSON, attorney for appellant.

WALTER C. HEADEN, attorney for appellees.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This is an appeal from a judgment of $141.66 rendered by the Circuit Court in a trial where a jury had been waived. The suit was upon a promissory note executed by appellant to appellees and was defended upon the ground of payment, and that the consideration for the note was for losses and gambling in option deals in wheat on the Chicago Board of Trade. The note was one of two executed by appellant, aggregating $550. That they were executed to cover losses in an option wheat deal on the Chicago Board of Trade, we entertain no doubt after having carefully examined the evidence in the record. One of these notes was paid; the one sued on was partly paid and

appellant made repeated promises to pay the balance.   The court held as the law, in the decision of the case, that if appellant had made payments upon the note and had promised to pay the balance of the note, he was thereby estopped from claiming that the note was given in consideration of settlement of a gambling contract in option.   This, in our opinion, is not the law.   If the contract was an illegal one and one against public policy, its mere recognition by appellant in a promise to pay it before suit was brought, would not relieve it from its illegality, or estop him from urging that as a defense.

Appellant was induced to enter into the deal by an agent of appellees named Clark.   Clark made settlement with appellant, and in behalf of his principals received the two notes.   Appellant offered to prove what was said by Clark at the time, but the court held it inadmissible.   We think the court erred in this, because we regard it as a part of the *res gestæ*.

For the errors indicated the judgment will be reversed and the cause remanded.