|115 605
a213s 70

## Lizzie Wenom v. Henry Fossick et al.

1. FINAL JUDGMENT—*what not, for purposes of appeal.* The court holds that under the conditions existing in this case the action of the court below in overruling a demurrer to special pleas will not be reviewed until the plea of the general issue on file to the declaration has been disposed of.

Action of trespass.  Error to the Circuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.  Heard in this court at the August term, 1903.  Dismissed.  Opinion filed March 10, 1904.  Rehearing not perfected.

WILLOUGHBY & FLANNIGEN, for plaintiff in error.

BURTON & WHEELER and D. J. SULLIVAN, for defendants in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Plaintiff in error, Lizzie Wenom, filed her declaration April 24, 1902, in trespass, in this case against Henry Fossick and Julius Rosenberg, defendants in error, charging them with having broken and entered into her house, and doing certain acts therein, to her injury. Defendants severally filed pleas of the general issue and special pleas. Demurrers were filed to the special pleas by plaintiff in error.

It is impossible to ascertain from the record precisely what followed, but the demurrer was probably sustained, as defendants were afterwards given leave to file additional pleas, which pleas they filed jointly. A demurrer was sustained to these pleas and defendants, by leave of court, amended the same, and afterwards, apparently, filed still another special plea. On March 27, 1903, the court overruled the demurrer to the pleas last named, and the plaintiff, by her attorney, elected to stand by her demurrer. Judgment was thereupon given in favor of defendants in error and against plaintiff in error for costs.

This is an attempt to review by a writ of error the judgment of the court below, on the demurrer last mentioned. The record in this case, however, fails to show that the pleas of general issue filed by the defendants have ever been disposed of, and, presumably, they are still pending. The case is, therefore, so far as this court is advised, still standing for trial in the court below, upon the declaration and the said pleas of general issue. The judgment entered on the demurrer was not, under the conditions existing in this case, a final judgment, and cannot be reviewed in this court.

The writ of error sued out in this case must therefore be dismissed.

*Writ of error dismissed.*