### First National Bank of El Paso, Appellant, v. M. L. Miller et al., Appellees.

#### Gen. No. 4,920.

1. APPEALS AND ERRORS—*when propriety of appeal not considered.* In this case the action was in assumpsit, against several defendants, one of whom was in default; that no judgment was taken against such defendant in default and the jury passed only on the issues between the plaintiff and the defendant appearing. This irregularity in proceeding was not called to the attention of the Appellate Court, and it is held that the parties having tried the cause as if it had been severed by first entering judgment against the defendant in default, the propriety of the appeal will be ignored on review.

2. PRACTICE—*right of cross-examination upon assessment of damages.* A defendant in default has the right to cross-examine witnesses on the question of the amount of the damages but has no right to cross-examine with respect to matters which go to the merits of the action.

3. PRACTICE—*effect of failure to complete issue.* Where the parties go to trial without formally joining issue, the irregularity is cured by verdict.

4. NEGOTIABLE INSTRUMENTS—*when not error to exclude proof as to protest fees.* Protest fees can only be recovered where the suit on the note is sustained and it is not error to have excluded evidence thereof where the note in question was held void.

5. CONTRACTS—*what not competent to establish invalidity as in violation of gambling statutes.* It is not competent to show transactions in grain are in violation of the gambling acts by showing the intention of one of the parties thereto. In order to establish the invalidity of a transaction with respect to grain, it must appear that there is a mutual intention on the part of the buyer and seller that the grain is not to be received or delivered.

6. CONTRACTS—*when void as against gambling statutes.* Held, that the evidence in this case clearly showed that transactions in grain in question were in violation of the gambling acts and that the note in suit given in connection with such transaction was void.

7. EVIDENCE—*what competent to show validity of note.* A letter written by the maker of a note in suit claimed to be void as in

First National Bank v. Miller.

violation of the gambling acts, which states that such notes are "all right," is competent. *Held*, in this case, that the exclusion of such letter was harmless error.

Assumpsit. Appeal from the Circuit Court of Livingston County; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

**Statement by the Court.** This is an action of assumpsit brought July 16, 1906, in the Circuit Court of Livingston county by the First Nationel Bank of El Paso against M. L. Miller and H. B. McGregor, upon a promissory note dated March 9, 1905, for $1,000 payable to the order of H. B. McGregor, six months after date, with 5 per cent interest. The note is signed by M. L. Miller and was indorsed by McGregor to the bank before maturity. The declaration declares specially upon the indorsed note and also contains the common counts. The defendant Miller filed a plea of the general issue and special pleas alleging in various forms that the consideration for the note was moneys lost in illegal speculations and gambling on the market price of grain, options to buy and sell grain at a future time, puts and calls, and margins for differences, etc. A replication was filed traversing the special pleas. After issue was joined the defendant Miller by leave of court withdrew the general issue; McGregor having failed to plead an order of default was properly entered against him. A jury was sworn to "try the issues herein joined." On the second day of the trial, on the coming in of the court after the noon recess, counsel for the bank asked that F. G. White be admitted as counsel with him to assist in the trial. Counsel for Miller objected and "the court sustained the objection for the reason that during the time the jury was being examined as to their competency by Mr. Norton, Mr. McIlduff wanted to know whether Judge White was to be counsel in the case and thereupon Judge White who was sitting inside the bar said, "No, I am not in the case." The court stated to appellant's counsel that if he was physically unable to proceed with the case he would adjourn until morning. The jury returned a verdict, "We the jury find the issues

for the defendant Miller." A motion for a new trial was overruled and judgment rendered, "that said defendant Miller do have and recover of and from said plaintiff his costs and charges." The plaintiff prosecutes this appeal from that judgment. No judgment was rendered for or against McGregor, and the bill of exceptions certifies none was ever asked for.

A. C. NORTON, for appellant.

THOMAS KENNEDY, JOHN F. BOSWORTH & MCILDUFF & THOMPSON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The judgment appealed from is a judgment in favor of Miller against the appellant for costs. The appellant as assignee of a note brought the suit against the maker and indorser of a promissory note jointly under the negotiable instrument act as amended in 1895 (Hurd's Stat., 1905, pages 1408–9) which authorizes all or any number of the parties liable on a promissory note either as makers or indorsers to be sued in one action. Section 76 of that act provides: "In any suit mentioned in the preceding section a separate judgment may be entered by default against any defendant or defendants severally liable who have been served with summons, and against whom the plaintiff would be entitled to judgment had the suit been against such defendant or defendants only. The suit shall thereby be severed and shall proceed to trial against the other party or parties in the same manner as if it had been commenced against such other party or parties only, and if the plaintiff recover judgment shall be entered against such one or more of the defendants as are found liable to him, but in no event shall the plaintiff be entitled to more than one satisfaction." Before this act, judgment could only be rendered at the same time against the defendants liable, and the judgment had to be against all the defendants served with process, except such as might make a personal defense, such as infancy, bankruptcy, etc.,

in a suit in assumpsit begun in a court of record. Appellant did not take judgment against McGregor, as it might have done and thereby have severed the suit as against the two defendants and then have proceeded to trial against Miller. The jury was sworn to try the issues joined. They passed only on the issues between appellant and Miller, and the court only rendered a judgment between appellant and Miller. Judgment not having been entered against McGregor the jury should have been sworn to try the issues joined and to assess the damages against McGregor. McDonald v. Fairbanks, Morse & Co., 161 Ill., 124. The parties however tried the case the same as if it had been severed by first entering judgment against the defaulting defendant, and have raised no question as to the propriety of this appeal.

It is insisted that the court erred in refusing to permit McGregor to cross-examine the witnesses. The only question tried was whether or not the affirmative pleas, that the note was given for losses incurred in illegal speculation in gambling on the market price of grain without any intention of either buying or selling any actual grain, were true. No evidence was offered on any other question. McGregor having been defaulted had the right to cross-examine on the question of the amount of damages but did not have the right to cross-examine the witnesses who testified only to matters in support of the pleas. Foreman Shoe Company v. F. M. Lewis & Co., 191 Ill., 155; Cook v. Skelton, 20 Ill., 107. No evidence was offered in reduction of the amount due on the note, hence there was no evidence that it was proper for him to cross-examine upon, and there is no judgment against McGregor, hence he is not injured by the refusal of his request to assist the plaintiff.

It is also assigned for error that the court improperly refused to allow the plaintiff to prove the protest fees. It is necessary to protest a note to hold the indorser, and the fees were properly recoverable in this suit under the common counts, provided there was a recovery on the note. If there was no liability against Miller on the note, then there could not be a liability against him for the costs of protest.

The jury having found the note void, there was no reversible error in excluding that evidence.

The proof shows that McGregor, who resided at Pontiac, came to El Paso and opened an office in an upper back room in a building known as the Hendron Block. In the room he had a few chairs and benches, a telephone, a telegraph instrument with an operator, and a blackboard on which were put market quotations on stocks and grains. He had no elevator or scales. He circulated cards representing himself as. the manager of "The Corn Belt Commission Co., correspondents of the Hammond Elevator Co., of Hammond, Ind." "I bid for Indianapolis Grain Co., Indianapolis, Ind., and Thos. S. Clark & Sons, Baltimore, Md." Miller is a farmer living in El Paso. McGregor who was a stranger to Miller, met the latter on the street, told him he was doing a commission business and solicited him to come and do some business with him. Miller testified that McGregor told him no person should know what he was doing, it was to be strictly confidential and should not be known about town; that he was given number "27" so that if any person should get hold of McGregor's books or papers Miller would not be known as connected with the business; that he could buy or sell grain on margins, carry it as long as he wanted to and then dispose of it and settle the difference whichever way it was, gain or loss; that the grain was not expected to be delivered. McGregor denies some of these statements, but the proof shows by Miller and several others, some of whom transacted their business by a number instead of their own name, that that was the way the business was actually done. Blank forms of orders to the Corn Belt Commission Co. were offered in evidence by appellant, and other orders were offered by the appellee, some of which are signed "27" and others "M. L. Miller per Mc." These orders all had printed on them "Actual delivery contemplated." The first deal Miller had with McGregor was December 7, 1904, and the last May 15, 1905. Two deals were closed out soon after Miller went into this business, in which Miller had a profit of $65.63; he received no money, but was given credit

for it by McGregor. Notes were given at different times by Miller to keep up his margins. On March 9, 1905, the note sued on was given to take up a number of other notes. At that time Miller was carrying 14 deals of 10,000 bushels of grain each, amounting to between $75,000 and $100,000.

The court permitted Miller to testify that he had no intention of receiving or delivering grain. Appellant insists this was error. Miller testified to the conversations, in addition to his intentions. Miller's intentions alone would not render the transactions illegal. In order to bring purchases and sales for the future delivery of grain within the provisions of the statute regarding gambling in grain and gaming contracts, there must be a mutual intention on the part of the buyer and seller that the grain is not to be received or delivered; such intention may be established by the assertion of the parties. Pratt & Co. v. Ashmore, 224 Ill., 587; Staninger v. Tabor, 103 Ill. App., 330.

Error is assigned upon the admission of the testimony of third parties who did business with McGregor while Miller was doing business with him. In Gardner v. Meeker, 169 Ill., 40, where the issue was the same as in this suit, it was held that evidence of a chain of similar transactions between the parties, covering a period of three months after the giving of the note sued on, is relevant and competent; also that evidence of prior transactions is relevant. The evidence of Miller in his own behalf and McGregor for the appellant was in direct conflict as to the character of the business which resulted in the giving of the note. It may be true that this evidence of transactions by third parties was immaterial. It was evidence *res inter alios acta* and tended to raise collateral issues. In Carroll v. Holmes, 24 Ill. App., 453, and Jamieson v. Wallace, 167 Ill., 388, such evidence was held to be "wholly immaterial or merely a circumstance of corroboration." In Staninger v. Tabor, 103 Ill. App., 330, it was held, that the gambling intention may be proved not only by the assertions of the parties "but by all the attending circumstances, which may include similar transactions made with other persons at the same time and

place." The intent of the maker and payee of the note in the transactions out of which it arose was the gist of this controversy. In such a case evidence of other acts of a similar nature are admissible to show the intent. Standard Manufacturing Co. v. Brons, 118 Ill. App., 632, and cases cited therein. We hold the evidence was proper in the discretion of the trial court in corroboration of appellee.

It is also argued that after Miller had testified that the note was given for a gambling consideration the court refused to permit appellant to show by Stitt, cashier of appellant, that Miller told him it was given for money loaned. This is an error of counsel; the question asked Stitt in the record was what McGregor told appellant when it bought the note.

A letter written by Miller to A. C. Norton on April 27, 1905, in which he said, "I have given some notes to H. B. McGregor for value received and in case he should offer any of them to you, you can safely accept them; they are all right," was offered in evidence by appellant and objection sustained. It should have been admitted. It was offered to contradict Miller, and as an admission that the note was all right. From all the evidence, both that offered by appellant as well as that of appellee, in connection with the facts and circumstances surrounding the transaction, and the extraordinary care taken to impress upon the business the appearance of legitimate transactions, it clearly appears that the deals between Miller and McGregor were all speculations on the market price of grain, without any intention on the part of either party to deliver or receive any commodity or to pay anything therefor except the margins. The exclusion of this evidence was not reversible error, for the reason that its admission could not have changed the result. Hill v. Parsons, 110 Ill., 107; Root v. Curtis, 38 Ill., 192; Goddard v. Enzler, 123 Ill. App., 108.

There are a number of minor criticisms argued by appellant which we have examined, and do not find them of sufficient importance to review at length, as they are not sustained. The most important of these minor matters is that counsel for the appellant requested the court to give

an instruction directing a verdict for the plaintiff at the close of all the evidence. He now claims he was entitled to a verdict on the common counts because there was no formal plea to them. The law is that if parties go to trial without formally joining issue the irregularity will be cured by the verdict. Brazzle v. Usher, Beecher's Breese, 35; Graham v. Dixon, 3 Scam., 115; Supreme Court of Honor v. Barker, 96 Ill. App., 490.

Error is assigned upon the modification of some instructions and the refusal of others. The seventeenth refused is based on the claim that at the time the note was given, "there was in the hands of Miller $65.63 which he had won from McGregor in a gambling deal, then even though you believe from the evidence that the note in suit was given for an illegal consideration," the jury should find that sum for plaintiff. The first difficulty with the instruction is that there is no evidence to base it upon, except the fact that Miller had won that much on his first two deals. It was not paid to him, but only placed to his credit long before the note was given and then lost on succeeding deals. The second is, it had nothing to do with the note. The only recovery there could be in this case was upon the note or upon a joint liability of McGregor and Miller to the bank. The common law is still in force in that regard. There is no statute in this State other than the negotiable instrument act permitting a recovery against one defendant alone in a suit in assumpsit where the action is against two defendants in a court of record, where both defendants are served with process. Griffith v. Furry, 30 Ill., 251; Powell Co. v. Finn, 198 Ill., 567; Black on Judgments, section 120. The bank had no connection with or interest in the $65.63; that was a matter between Miller and McGregor. The instruction was properly refused. We find no error in the refusal of any instructions, for the reason that the jury were fully and properly instructed on every proposition of law involved in the case. What was proper in the refused instructions was contained in the given instructions, and instructions should not be repeated. Some of the refused instructions were

properly refused for the reason that they were not applicable to the case. Finding no reversible error the judgment is affirmed.

*Affirmed.*