James O. McConaughy, Appellant, v. Willis J. Huston
et al., Appellees.

### Gen. No. 5,004.

1. LANDLORD AND TENANT—*when clause of lease mere nudum
pactum.* A provision in a lease as follows: "No other repairs ex-
cept as hereafter mutually agreed upon" is a mere *nudum pactum.*

2. TENDER—*when insufficient. Held,* that the tender made in
this case in a justice court was insufficient and was not kept good.

Action commenced before justice of the peace. Appeal from the

Circuit Court of Ogle county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1908. Reversed and remanded. Opinion filed August 10, 1908.

**Statement by the Court.** On March 2, 1907, James O. McConaughy rented a brick store building in Rochelle, Illinois, to Willis J. Huston and Lulu King, partners, doing business under the firm name of W. J. Huston & Co., from February 19, 1907, to January 1, 1908, rent to March 1, 1907, to be $10.50 and for the remainder of the term $35 per month, payable monthly in advance. The lease is in writing, signed by the parties under seal. It contains a clause: "1st party to raise floor where settled on south side and clean ceiling, and no other repairs except as hereafter mutually agreed." The landlord made the repairs provided for in the lease. For some months prior to September, 1907, the tenants called the landlord's attention to the fact that the roof of the building was leaking more or less. The landlord said he would try and have it fixed and did have repairs made on the roof, but the tenants claimed they were insufficient. On August 21, 1907, the tenants served notice upon the landlord that unless the roof was put in proper repair within ten days from the service of the notice they should consider the lease cancelled. The landlord had repairs made before August 30, but the tenants still claimed the repairs were insufficient. On September 3, the landlord brought suit before a justice, for the $35 rent, due September 1. On September 6, the tenants moved out, but the landlord did not accept the surrender of the premises.

On September 7, the defendant paid to the justice "$9.87 as a tender to plaintiff for his demand and costs," and also deposited the keys with the justice for the plaintiff. The plaintiff refused to accept the tender or the keys. A judgment was rendered before the justice that the "defendants recover from the plaintiff one dollar and their costs." The plaintiff appealed to the Circuit Court. The justice did not transmit the

tender to the Circuit Court, but retained it. In the Circuit Court a verdict was rendered in favor of the defendants. A motion for a new trial was overruled and judgment rendered against the plaintiff for costs; from that judgment the plaintiff appeals.

W. P. LANDON, J. C. SEYSTER and E. L. McCONAUGHY, for appellant.

BAXTER & WIRICK and W. B. McHENRY, for appellees.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

By the lease the appellees owed the plaintiff $35 for rent, due September 1, which the evidence shows has not been paid. The lease called for certain enumerated repairs, which it is admitted were made by the appellant. The lease provides "no other repairs except as hereafter mutually agreed." This clause is a *nudum pactum* and ineffective for any purpose. A change in the lease could only be made by some instrument under seal. To bind the landlord to make any other repairs than those enumerated would require a new contract in writing based on a new consideration. Goldsbrough v. Gable, 140 Ill. 269. The appellant did not agree to make any repairs to the roof in the written lease and was under no obligation to repair it. Sunasack v. Morey, 196 Ill. 569; Watson v. Moulton, 100 Ill. App. 560. No reason is shown why the appellees are entitled to any relief against their express contract to pay the $35, due September 1.

The tender was insufficient and informal and admitted the amount tendered, less the costs at the time of making the tender, to be due. If plaintiff had not been entitled to recover more than the tender, the jury should have found for the defendants on the issue of tender. Appellees should have tendered a specific amount to the appellant and the costs, and the tender

should have been forwarded by the justice to the Circuit Court. Under the evidence the jury should have found in favor of the plaintiff for $35, the amount of the rent due, or for —— dollars in addition to said sum tendered, after the costs were deducted, naming an amount sufficient to make the total $35. The court could then render a proper judgment that the plaintiff accept the tender and have and recover of the defendants judgment for —— dollars, over and above the said sum tendered, etc. The judgment is reversed and the cause remanded.

*Reversed and remanded.*