Frank L. Kyser, Appellee, v. M. L. Miller, Appellant.
Gen. No. 5,046.

1. APPEALS AND ERRORS—*what not final judgment.* A judgment
entered upon a particular issue in a cause is not final; the entire
case must be disposed of by a judgment before the right or ob-
ligation to appeal arises.

2. CONTRACTS—*what does not impart validity to void.* A note
void by virtue of statute even in the hands of an innocent purchaser
for value before maturity, cannot be rendered valid by matter of
estoppel, as, for instance, the assurance of the maker to the pur-
chaser that it was a valid obligation.

Assumpsit. Appeal from the Circuit Court of Livingston county;
the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court
at the April term, 1908. Reversed and remanded. Opinion filed
October 14, 1908.

Statement by the Court. This is an action of as-
sumpsit, brought in the Circuit Court of Livingston
county, by Frank L. Kyser, appellee, against M. L.
Miller and H. B. McGregor upon a promissory note
dated April 27, 1905, for $500 payable to the order of
H. B. McGregor, one year after date, with interest
from date at six per cent. The note was indorsed by
McGregor to appellee before maturity. The declara-
tion contains two special counts against the maker and
the indorser of the note and the common counts. The
defendant Miller filed a plea of the general issue and
special pleas alleging in various forms that the con-
sideration for the note was money lost in illegal specu-
lation and gambling on the market price of grain, op-
tions to buy and sell grain at a future time, puts and
calls and margins for differences, etc., and averring
that the note was void and of no effect under section
131 of the Criminal Code. The plaintiff filed a replica-
tion to the special pleas averring that the defendant
should not be admitted to plead that the consideration
of the note was for gains and losses in gambling, etc.,

because the plaintiff purchased the note before maturity, and before purchasing inquired of the defendant if the note was a just and legal obligation and all right, and the defendant Miller thereupon stated the note was given for value received, and that he, the plaintiff, might safely buy the same, and at that time the plaintiff had no knowledge of the facts attending this giving of said note and believing and relying on the statements of defendant Miller to be true, plaintiff was misled and induced to buy said note, and would not have purchased said note but for said statement, and prays judgment if the said Miller ought to be admitted against his own acknowledgment to plead, etc.    The defendant filed a demurrer to this replication which was overruled.    A rejoinder was then filed to the replication on which issue was joined.    The defendant then withdrew the general issue and at the January term, 1907, the issue on the replication of estoppel was tried before a jury.    At the close of the evidence the defendant requested an instruction directing a verdict for the defendant which was refused.    The jury returned a verdict finding the issue in favor of plaintiff but did not assess plaintiff's damages.    The defendant then made a motion for a new trial which was overruled at the May term.    Judgment was entered at the October term, on December 30, 1907, that the defendant be barred from pleading the special pleas and that plaintiff recover his costs.    The defendant Miller excepted to the action of the court in overruling the motion for a new trial and entering a judgment, and prayed an appeal and filed a bill of exceptions.    The defendant Miller then entered a motion for leave to refile the general issue.    This motion was overruled. He then moved that plaintiff's damages be assessed by a jury; this motion the court allowed.    After various other motions and rulings the defendant Miller at the October term, 1907, was permitted to refile the general issue and an affidavit denying the execution of the note in manner and form as alleged in the declaration.    In

the note sued on the words "if not paid when due," referring to the interest, are erased. The defendant in his evidence on the final hearing claimed the words "if not paid when due" were erased after the delivery of the note. A trial was had at the January term, 1908, on the issue of the execution of the note, and a verdict was found for plaintiff assessing his damages at $583.30. A motion for a new trial was overruled and judgment rendered on the verdict. The defendant Miller duly preserved exceptions and appeals to this court.

THOMAS KENNEDY, JOHN F. BOSWORTH and McILDUFF & THOMPSON, for appellants.

A. C. NORTON and WHITE & TUESBURG, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The appellee has made a motion in this court to dismiss the appeal so far as the same affects the judgment of the Circuit Court of December 30, 1907, on the issue of estoppel, on the ground that it is a final judgment and no appeal lies therefrom unless prayed and perfected at the term at which it was rendered. There was only one issue in the case when the first trial occurred. The jury when it found that issue for the plaintiff did not assess plaintiff's damages. On November 7, 1907, the appellant by leave of court refiled the plea of the general issue. Thereafter on November 19, appellee moved for judgment on the verdict of estoppel. The judgment rendered December 30, on the issue of estoppel, did not dispose of the case and was not a final judgment, and no appeal could be taken therefrom until a final judgment disposing of the case was rendered. Wenom v. Fossick, 213 Ill. 70, 115 Ill. App. 605; Practice Act of Ill. sec. 91. The motion to dismiss the appeal is therefore overruled.

Appellant assigns for error that the trial court erred

in overruling the demurrer to the replication of estoppel, filed in answer to the special pleas, which sets up facts which bring the consideration of the note within the provisions of the Criminal Code. Section 130 of the Criminal Code provides that whoever contracts to give another the option to buy or sell at any future time grain, etc., shall be fined, etc., and all contracts made in violation of this section shall be considered gambling contracts and shall be void. Section 131 provides that all notes made by any person where the whole or any part of the consideration shall be for money won by any gaming shall be void. Section 136 provides that no assignment of any such note shall in any manner affect the defense of the person executing the same. If the note was void because it was given for an illegal consideration, is the appellant estopped to plead the defense given to him by the statute, because he said to the appellee, before appellee purchased the note, that it was not given for any illegal consideration or any consideration which was contrary to the laws of the State of Illinois and thereby induced appellee to buy the note? The statute makes a note given in a gambling transaction void in the hands of an innocent purchaser, not as a favor to the signer of the note, but as a matter of public policy. If what appellant said can be construed as a promise there was no consideration for it and it was nothing more than a promise to pay a gambling debt. It was only a repetition of the original act of making the note. If a contract which is void or of no effect under the statute can be made a legal and valid contract by a subsequent statement of the maker, then the public policy of the state as declared by the statute can be forestalled, and the statute made of no effect. "It has been in general terms held that there cannot be any estoppel against showing that a contract is made void by the statute." Dow v. Higgins, 72 Ill. App. 303; Treat v. Snydecker, 92 Ill. App. 458; Durkee v. People, 53 Ill. App. 396, affirmed in 155 Ill. 354; Shenk v. Phelps, 6

Ill. App. 612; Bigelow on Estoppel, 558, note; Rosebrough v. Ansley, 35 Ohio St. 107; Coppell v. Hall, 7 Wall. (U. S.) 542; Oscanyan v. Arms Co., 103 U. S. 268. We hold that a contract which is made void by the statute as being against public policy cannot be made valid by matter of estoppel. The court erred in overruling the demurrer to the replication to the special pleas, and the trial on the replication of estoppel was upon an immaterial issue. The judgments on the two verdicts are reversed, and the case is remanded for further proceedings in conformity with the opinion of this court.

*Reversed and remanded.*