Livingston National Bank, Appellee, v. M. L. Miller et al., (M. L. Miller, Appellant).

Gen. No. 5176.

1. EVIDENCE—*when cross-examination improper.* Cross-examination which tends to elicit evidence in support of a defense not relied upon by the pleadings is improper.

2. GAMBLING—*what evidence sufficient to sustain defense.* In an action to recover upon a note a defense that the consideration was of a gambling nature is sufficiently sustained by a clear preponderance of the evidence.

3. GAMBLING—*what evidence competent to show nature of transaction.* Evidence of transactions between the party charged with conducting a gambling business and other parties is competent as

tending to show the business in which such party was engaged and as bearing upon the character of the transaction in issue.

4. GAMBLING—*what does not preclude defense.* A party cannot be estopped from setting up the defense that a note in suit was given in settlement of a gambling transaction.

Assumpsit. Appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the April term, 1909. Reversed. Opinion filed March 11, 1910.

THOMAS KENNEDY, JOHN F. BOSWORTH and McILDUFF & THOMPSON, for appellant.

A. C. NORTON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action in *assumpsit* on a promissory note dated March 23, 1905, for $500 and interest, brought by the Livingston County National Bank, as assignee before maturity, against M. L. Miller as maker, and H. B. McGregor as indorser. The defendant Miller filed pleas alleging in various forms that the consideration for the note was money lost in illegal speculation and gambling on the market price of grain, options to buy and sell grain at a future time, puts and calls, margins for differences, etc. There was a traverse of the special pleas. McGregor pleaded only the general issue. On the trial, a verdict was returned for the plaintiff for $608 on which judgment was rendered and the defendant Miller appeals.

Numerous errors are assigned by appellant. This case is almost identical with the case of the First National Bank of El Paso v. Miller, 139 Ill. App. 608; 235 Ill. 135. The proof shows that McGregor, who resided in Pontiac, came to El Paso and opened an office in two upper rooms in a building known as the Hendron block. In one of the rooms he had some chairs, benches, a telephone, a telegraph instrument with an operator and a blackboard on which was

placed market quotations of stocks and grain. He had no elevator or scales and no way of receiving or delivering grain such as a grain dealer usually has in a vicinity where grain is bought and sold.

There was no plea on file for McGregor except the general issue. He was permitted over the objections of appellant to cross-examine witnesses on behalf of appellant who testified solely concerning the nature of the transactions. Witnesses of whom the appellee waived the cross-examination, were cross-examined by McGregor in the interest of appellee with the purpose of attempting to show that the transactions were legitimate and lawful. Since McGregor had filed no plea presenting such a defense this cross-examination was improper and reversible error.

The 7th instruction given on behalf of appellee told the jury that "the law presumes that contract to be fair and honest, and before you are justified in setting aside that presumption you must be convinced by a greater weight or preponderance of the evidence that both parties understood and intended there should be no delivery of the grain * * *" Gambling in grain, while a criminal offense, is only a misdemeanor. Criminal Code, sec. 129. It was not necessary that the jury should be convinced that the transaction was an illegal one before they could find for the defendant; a clear preponderance of the evidence is sufficient to authorize the jury to find for the defendant.

The appellant offered proof of transactions between himself and McGregor and between McGregor and other parties tending to show that McGregor was simply running a bucket shop, and engaged in an option business in which settlements were made by differences without any intention on the part of the parties to the transactions to deliver any grain or stocks. During the year that McGregor was in business at El Paso prior to the giving of the note sued on but one transaction is shown where grain was act-

ually sold or bought by him. The court refused to permit evidence of transactions between McGregor and other parties and of some of the transactions between Miller and McGregor to be heard. This evidence was proper for the purpose of showing the nature of the business in which McGregor was engaged. First Nat. Bank of El Paso v. Miller, 235 Ill. 135; and 139 Ill. App. 608; Weare Com. Co. v. People, 209 Ill. 528; Pratt & Co. v. Ashmore, 224 Ill. 587.

There was also proof admitted showing admissions of Miller after the giving of the note that the note was given for the purchase of grain. This could only be admitted for one purpose; that of impeaching Miller. He could not be estopped by any admission made by him from setting up the defense that the note was given in a gambling transaction. Kyser v. Miller, 144 Ill. App. 316, and cases therein cited. The evidence in this case is substantially the same as that in the First Nat. Bank of El Paso v. Miller, *supra,* and no useful object would be subserved by restating the evidence in this case.

As was said by the court in the First National Bank of El Paso case, ''from all the evidence, both that offered by appellant as well as that of appellee in connection with the facts and transactions surrounding the transactions, and the extraordinary care taken to impress upon the business the appearance of legitimate transactions, it clearly appears that the deals between Miller and McGregor were all speculations on the market price of grain without any intention on the part of either party to deliver or receive any commodity or to pay anything therefor except the margins.''

We deem it unnecessary to extend this opinion by a lengthy review of the evidence, which is similar to that reviewed in the former case. This note is one of a series given between the parties, and it further appears from the evidence in this case that there was an agreement between the holders of

the notes to stand together and to assist each other in their collections. Inasmuch as there can be no recovery under the evidence against the appellant, it would be useless to remand the case. The judgment is therefore reversed.

*Reversed.*