### Fred Fowley, Appellant, v. R. B. Thompson, Appellee.

1. JUDGMENTS—*when not final.* Where in action on an account due, defendant admits part of the amount and tenders it in court, with costs, but contests the remainder, and the court orders that the sum and costs be paid over, but orders that defendant recover costs for the term and continues the case, the judgment for costs is not a final judgment.

2. ACCORD AND SATISFACTION—*what constitutes.* Where in an action for an account due, defendant admits part thereof and tenders it in court, but denies the remainder and plaintiff accepts the tender as part satisfaction, the court's order so reciting, he is not precluded from recovering the remainder of his claim.

3. ACCORD AND SATISFACTION—*when question for jury.* Where a tender of part of a sum alleged to be due is made in court and accepted, it is a question of fact, in what sense and with what intent the money was received, and if any dispute exists, it is a question for the jury whether it was received in full satisfaction.

*Assumpsit.* Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed October 7, 1912.

J. S. KENDALL, for appellant.

A. S. CALDWELL and ROSCOE TYGETT, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The court at the conclusion of plaintiff's evidence directed the jury to find a verdict for the defendant, upon which judgment was rendered against plaintiff for costs and he prosecutes this appeal.

In this case the appellant brought suit against the appellee upon an account for boxes and merchandise furnished by appellant to appellee. The declaration consisted of the common counts to which an affidavit of merits was attached showing $377.71 to be due to the plaintiff; to this the defendant filed a plea of general issue, except as to $275.71; also a plea of tender admitting the sum of $275.71, parcel of the amount claimed to be due, which amount he tendered the plaintiff and paid the same to the clerk of the court, and attached to said pleas an affidavit of merits except as to the sum of $275.71, and averring that as to the remainder of the claim the articles charged to him were not received or used by him or delivered to any one by his direction; to which plaintiff filed a replication, and as to the plea of tender the plaintiff replied that he could not deny the tender of the said sum of $275.71, etc., and costs of suit up to time of tender, in manner and form as defendant has above in his second plea alleged freely takes the same out of the courts here; therefore, as to the said sum of $275.71 and costs to time of tender, the plaintiff is satisfied.

At the January Term, 1911, of the Circuit Court of Jackson county, the court ordered, after reciting the acceptance of the tender in satisfaction in part of the debt, that the clerk pay to the plaintiff the amount of the tender and costs, which was accordingly done; and ordered that the defendant recover of the plaintiff the costs of the suit for this term, and continued the case.

At the April Term, 1911, the case proceeded to trial upon the issues as heretofore made. Plaintiff introduced his evidence showing the delivery of the boxes and other material to the amount of $377.71 and rested his case, whereupon a peremptory instruction was allowed and given directing the jury to find a verdict for the defendant.

One of the errors assigned by appellant is that the court erred in sustaining the motion for peremptory instruction offered by appellant, and instructing the jury to find the issues for the defendant, and this is the principal error argued by counsel for appellant and appellee. In the argument made by counsel for appellant the suggestion is made that the judgment for costs rendered at the January Term is not a final judgment, as it does not dispose of all of the pleas nor all of the questions in dispute between the parties. In the case of Wenom v. Fossick, 213 Ill. 70, where a similar question was before the court, it is said, "It will be observed that this judgment did not dispose of the plea of the general issue, and did not in terms dispose of the rights of the parties. To make it a final judgment it should, according to the authorities, have contained a statement that 'it is considered by the court that the plaintiff take nothing by her writ, and that the defendants go hence without day,' or other words of similar import, disposing of the entire subject matter of the litigation." Citing Freeman on Judgments, Sec. 16; Black on Judgments, Sec. 31, and other cases. We do not think it can be successfully contended that this was a final judgment. Counsel for appellee have not in their brief insisted that it was a final judgment.

The next question to determine was the effect of the acceptance of the tender offered into court. It will be observed that the plaintiff in filing his acceptance of said tender referred to is as parcel, etc., of the amount claimed, and the order of court directing it to be turned over to the plaintiff recited that it was received

as an acceptance of the tender and satisfaction of part of the debt. So far as the record discloses, the acceptance was in part only of the debt, and having been received in that way it ought not, and as we think, does not preclude the plaintiff from recovering a further sum if it is justly due him, especially under the pleadings as made in this case. In the case of Higgins v. Halligan, 46 Ill. 176, it is said, "The acceptance by the plaintiff of one hundred twenty five dollars, tendered by the defendant, is urged by him as a concession that this amount was all that was due, and entitled the defendant to a judgment for costs, is the second point made by appellant. There is no authority cited on this point, and there can be none, for the doctrine is well established, that accepting a sum tendered, if not accepted in full of all demands, does not conclude the party from proceeding for more. In Ryal v. Rich, 10 East 47, which was action for double rent, and for use and occupation, the defendant pleaded tender of the single rent before action brought and paid the money into court, which the plaintiff took out before the trial, and still proceeded. It was held that the acceptance of the single rent was no waiver of the plaintiff's right to proceed for the double rent, and that the plaintiff's going on with the action after taking the single rent out of court, was evidence to show that he did not mean to waive his claim for the double value but to take it *pro tanto*. To the same effect is the case of Sleght v. Rhinelander, 1 Johns. 192." This decision is quoted approvingly in the case of Alexander v. Loeb, 230 Ill. 458, and there again declares this to be the rule of law in force in this state. Counsel for appellee refer to the case of Monroe v. Chaldeck, 78 Ill. 429. This case, as we read it, was where a tender had been made of $150.00, and the plaintiff released any other damages and accepted the tender and asked for judgment of the amount, and some question then seemed to arise as to whether or not the plaintiff could recover judgment at all in the

case, the decision holds that the defendant having made the tender is concluded by it; we do not believe that this case is in point. While other decisions were also cited by counsel for appellee, we are of the opinion that the cases above cited are conclusive upon the question here presented. It seems to be that where a tender is made and accepted after the action is brought, that it becomes a question of fact in what sense the plaintiff received the money tendered and paid into court, and with what intent the money was received, and if any dispute existed as to the intent with which money was paid by the defendant and received by the plaintiff, this would then become a fact to be determined by the jury as to whether or not it was received in full satisfaction of the debt.

We think the court erred in this case in directing the jury to find a verdict for the defendant, and in rendering judgment against the plaintiff for costs, and the judgment will be reversed and the cause remanded with directions to proceed in conformity with this opinion.

*Reversed and remanded.*