# F. M. Smith, Appellee, v. George Whitham, Appellant.

## Gen. No. 6,306.

1.  TENDER, § 20*—*when qualified plea of general issue and plea of tender are in proper form.* A qualified plea of general issue and plea of tender, *held* in proper form, in an action to recover on a lumber bill.

2.  TENDER, § 20*—*when replication accepting tender is in proper form.* Replication accepting a tender made, *held* in proper form where the plaintiff admitted a tender could be proved and was prepared to show more due than was tendered.

3.  TENDER, § 15*—*when amount of tender paid in court should be remitted.* Where a tender was made in court of less than the amount sued for, and was accepted, and judgment was entered after trial for the full amount sued for and all the costs, *held* that such judgment was erroneous and that the amount of the tender should be remitted.

4.  SALES, § 124*—*when evidence sufficient to show delivery of lumber in reasonable time.* The evidence held to warrant finding that no time was fixed for the delivery of certain lumber and that it was delivered within a reasonable time, in an action to recover its purchase price in which recoupment was claimed on the ground that it was to be delivered within a certain time and was not delivered within that time.

5.  SALES, § 320*—*when buyer may recoup damages for failure to deliver according to contract.* To enable a buyer sued by the seller to recoup damages for a specially advantageous use which the buyer was to make of an article not delivered according to contract, he must show that the seller knew of such use and its advantages to the buyer.

6.  SALES, § 320*—*when buyer sued for purchase price of lumber cannot recoup for loss of corn due to failure to make delivery.* A buyer cannot, when sued for the purchase price of lumber to be used by him to build a corncrib, recoup by charging the plaintiff with depreciation in value of the corn which the defendant expected to store in such crib but by reason of the lumber not being delivered which he left unhusked or husked on the ground uncovered and exposed to the elements all winter, as he should have promptly taken other steps to cover and protect the corn.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Smith v. Whitham, 204 Ill. App. 110.

Appeal from the Circuit Court of Livingston county; the Hon.
GEORGE W. PATTON, Judge, presiding. Heard in this court at the
April term, 1916. Affirmed on remittitur. Opinion filed February
10, 1917.

R. S. McILDUFF and B. R. THOMPSON, for appellant.

P. A. GIBBONS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the
court.

Appellee sued appellant in assumpsit to recover a
lumber bill amounting to $666.52. Defendant pleaded
the general issue, and a separate plea of recoupment
for damages alleged to have been sustained by appel-
lant because the lumber was not delivered when it
should have been. There was a jury trial and a dis-
agreement. Thereafter appellant filed a qualified plea
of the general issue and a plea of tender and payment
into court of $474, made up of $8.95 accrued costs and
$465.05 admitted to be due upon the bill. This plea
of tender was filed February 5, 1916. Appellee filed
a replication thereto, in which he said that he "freely
takes and accepts the same out of court here; there-
fore as to said sum of $470 including court costs now
taxed, the plaintiff is satisfied." There was another
jury trial, resulting in a verdict for plaintiff for
$666.52. A new trial was denied, and plaintiff had
judgment for the full amount, with an award of exe-
cution therefor. The defendant appealed to this
court, and we reversed the judgment and remanded
the cause because it was obvious that the verdict and
judgment included the sum of $465.05 tendered and
accepted, according to the replication. We granted
a rehearing on the petition of appellee, in order to
determine whether on the other questions litigated the
verdict was right, so that a remittitur of the amount
of the tender could be entered here, and save the par-
ties the expense of a third trial of the cause.

This qualified plea of the general issue and the plea of tender were in the proper form. *County of Jo Daviess v. Staples*, 108 Ill. App. 539. The replication was in proper form, where the plaintiff admits that a tender can be proved and is prepared to show that more is due than the sum tendered. 3 Chitty's Pl. 1156, and note. The acceptance of such a tender does not bar the plaintiff from recovering more, if more is due. *Higgins v. Halligan*, 46 Ill. 173, which was approved in *Alexander v. Loeb*, 230 Ill. 454; *Fowley v. Thompson*, 173 Ill. App. 333. Where such a tender is in court the plaintiff has a right to take it, and, if necessary, it is the duty of the court to order it paid over. *Dickinson v. Boyd*, 82 Ill. App. 251. If the money has been tendered but not paid into court, the plaintiff is entitled to a judgment for the amount tendered. *Supreme Tent Knights of Maccabees v. Hammers*, 81 Ill. App. 560. We gave a proper form for judgment for plaintiff where a tender has been paid into court, and thereafter plaintiff recovers a verdict for a larger sum, in *McConaughy v. Huston*, 142 Ill. App. 230.

Here, $8.95, the court costs accrued up to February 5, 1916, and $465.05 upon the contract had been paid into court, and appellee either took these sums or was entitled to take them and was entitled to an order of court that they be paid over. The question to be submitted to the jury was whether any damages had been shown by appellant to prevent appellee recovering the full amount of the bill remaining unpaid, or more than the amount tendered. If the jury found for the full amount that plaintiff claimed, it could only have been for $201.47, to which interest could be added if a case for the payment of interest was made, and if he recovered any more than the sum tendered, he would be entitled to the costs which accrued after February 5, 1916. Here, though he

pleaded his acceptance of the tender of part of the debt and costs to that date, and that he had taken the same out of court, he is given judgment and execution for the whole amount of the debt and for all the costs. It is impossible that this should be correct. On rehearing it is alleged that the tender is, in fact, still in the hands of the clerk of the court.

The recoupment sought by defendant was based upon his claim (1) that the agreement was to deliver the lumber by a specified time, and that that agreement was not kept; (2) that if the agreement was only to deliver the lumber within a reasonable time, that also was not done; (3) that defendant had a contract with a carpenter to erect a corncrib with this lumber, and that, because the lumber was not delivered when it should have been, his contractor went away for the winter, and was not there to build the crib, and defendant was obliged to hire other carpenters and pay more to get his crib erected; and (4) that for want of a crib he was obliged to husk his corn late and to leave it on the ground all winter, and it became depreciated in value and sold for a less sum than it would have done if it had been properly covered and cared for. Plaintiff and defendant differed as to the terms of the agreement, but the jury were warranted in believing plaintiff's testimony, and in finding that no time was fixed for the delivery of the lumber, and also in finding that it was delivered within a reasonable time in view of the circumstances disclosed by the evidence. There is no proof that plaintiff knew that defendant had made a contract with a carpenter, and that it was an advantageous contract, and that the carpenter would abandon his contract if the lumber did not reach the ground promptly, and therefore no damage against plaintiff can be predicated upon the fact that defendant's carpenter went away and abandoned his contract, and that it cost defend-

ant more to build the crib than the contract price with the carpenter. The general principle that, to enable a vendee sued by a vendor to recoup damages for a specially advantageous use the vendee was to make of an article not delivered according to contract, he must show that the vendor knew of the intended use and its advantages to the vendee is variously illustrated and applied in *Illinois Cent. R. Co. v. Cobb, Christy & Co.,* 64 Ill. 128; *Carpenter, v. First Nat. Bank of Joliet,* 119 Ill. 352; and *Rhea Thielens Implement Co. v. Racine Malleable & Wrought Iron Co.,* 89 Ill. App. 463. It is obvious that defendant could not leave his corn unhusked or husk it and pile it upon the ground uncovered and exposed to the elements all winter, and then charge plaintiff with its depreciation in value caused thereby. He should have promptly taken other steps to cover and protect his corn, and there is no proof that he could not have done so. Whether any extra expense he would thus have incurred could be charged against plaintiff is a question not presented for our consideration.

There are two instructions which could be interpreted to say that appellant must prove all his damages for which he sought recoupment in order to be allowed for any of them, but upon a consideration of all the instructions we are of opinion that the jury would not so understand them.

The jury found for plaintiff the full amount of his bill, and thereby found against defendant on all his items of recoupment. We would be satisfied with this judgment, but for the fact that it includes the sum tendered into court, and awards execution for the whole amount. This opinion will be lodged with the clerk and counsel for appellee notified thereof, and if within seven days he remits from the principal of his judgment $465.05, and also remits from said judgment for costs all costs accrued before February 5,

1916, the judgment will be affirmed in the sum of $201.47 and for the costs of said Circuit Court accruing on and since February 5, 1916, at the costs of appellee in this court. If such remittitur is not made the judgment will be reversed and the cause remanded.

Appellee having remitted $465.05, together with all costs accrued in said cause before February 5, 1916, the judgment is therefore affirmed in the sum of $201.47, and for costs of said Circuit Court accruing on and since February 5, 1916, at the costs of appellee in this court.

*Affirmed.*