## C. A. Watson & Sons, Plaintiff in Error, v. American Paper Products Company, Defendant in Error.

### Gen. No. 27,932.

SALES—*when damages not recoverable for breach of contract of sale as to time of delivery.* A verdict was properly directed against plaintiff suing for damages for failure to deliver paper caps for apple barrels within the time agreed upon where the evidence shows that the caps were to be used for the better preservation of the apples and that capped barrels commanded a better price than those which were not capped, that plaintiff gave the order to defendant upon the latter's express agreement to deliver within the time limited, which was while plaintiff was packing apples in certain orchards from which he had bought the crop, where there is no evidence that plaintiff had made any contract for resale of the apples with the caps in question on the barrels or that the apples were ever resold and where plaintiff repeatedly stated to defendant, in urging timely delivery, that he could procure the caps elsewhere at substantially the same price even though there is evidence that they could not be procured elsewhere.

Error by plaintiff to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1922. Affirmed. Opinion filed March 19, 1923.

HARRY D. IRWIN, for plaintiff in error.

EDWARD L. ENGLAND, for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is a writ of error brought by the plaintiff in the trial court to secure the review of a judgment which was entered upon the verdict of a jury directed by the court at the conclusion of the plaintiff's evidence.

The defendant, American Paper Products Company, is a manufacturer of certain paper goods, and the plaintiff, C. A. Watson & Sons, is in the wholesale fruit business, principally selling and buying apples.

The declaration alleges that defendant sold to the plaintiff 25,000 caps used in packing apples in barrels for the purpose of preserving them, at a price of $9.75 a thousand, 10,000 of which were to be delivered by defendant to plaintiff at McKnightstown, Pa., by September 25, 1917, and 15,000 caps to be delivered by October 1, 1917, at Farmington, Maine, to be paid for on delivery.

The declaration further alleges failure of the defendant vendor to deliver the goods so sold and bought according to the agreement, and alleges damages by reason of such failure.

There was evidence for the plaintiff which tended to show the making of the contract as alleged. The negotiations were opened on August 29, 1917. Mr. R. A. Watson, for the plaintiff, testified to the giving of the order and said that on September 7 he telephoned the defendant that "these caps must be there by September 25th to take care of our apples that we will pack at that time, and if we don't get them, and you can't make that delivery, I don't want you to take the order, because I can get caps, but I will give you the preference." He said that defendant, through Mr. Wrigley, replied that was all right and they would take the order.

It further appears that on September 8, 1917, the plaintiff wrote defendant as to the order which was to be shipped to McKnightstown, Pa., saying:

"It is necessary that these caps reach there by September 25th, as we will be packing at that time and must have them there, otherwise they would not be of any use to us. We could get them right near there at practically the same price but prefer to give you this business. However, if there is any doubt in your mind about your being able to make this delivery, please promptly advise us."

The letter further stated that if defendant was able to make these deliveries it might increase the Farmington, Maine, order to 15,000 caps. Defendant re-

plied September 10 accepting this increase in the order for caps to be shipped to Farmington, Maine, and stated that while it would advise further it nevertheless had every reason to believe that shipments would be made in ample time as specified.

The evidence for plaintiff further showed that these caps were made of corrugated pasteboard, smooth on one side and stiff on the other; that the purpose of using them was to put the same in the ends of the barrels when the apples were packed, the rough part of the cap against the head of the barrel and the smooth part down. It is claimed that by this use of the caps disfigurement of the apples is prevented, and that in case the skin of the apples should be broken the pasteboard cap would absorb the moisture and to a great degree prevent the apples from decaying.

Witnesses for the plaintiff further testified that apples which were packed in barrels where these caps had been used were of a value of from 25 cents to 50 cents per barrel more than in cases where the caps were not used.

The evidence further showed that the plaintiff in the middle of August purchased several orchards of apples near McKnightstown, Pa.; that these orchards produced some five or six thousand barrels at that time; that the caps which had been ordered from the defendant did not arrive at McKnightstown, Pa., until October 19, 1917, and that this was after the packing of the apples bought had all been done.

It is argued that the court erred in peremptorily instructing the jury to find the issues for the defendant.

The same transaction, although upon an entirely different record, was before this court on a former appeal from a judgment entered by the municipal court of Chicago. *American Paper Products Co. v. C. A. Watson & Sons*, 213 Ill. App. 659. In that case this court reversed a judgment entered by the trial court for the purchase price of these caps for the rea-

son, as stated, that the court had erroneously refused to allow the defendant to file a counterclaim demanding damages by reason of the nondelivery of the caps at the time agreed on. An entirely different question is, however, presented here.

It is contended on behalf of the defendant in error that under the evidence submitted by the plaintiff the only damages shown are too uncertain, remote and speculative to permit a recovery, and we are constrained to hold, upon an examination of the record, that this contention must be sustained.

The rule of law to be applied as to the recovery of damages for the breach of an executory contract of a vendor has been well established in the cases of *Hadley v. Baxendale,* 9 Exch. 341, and *Griffin v. Colver,* 16 N. Y. 489; and the rules of law announced in those cases have been consistently followed by the courts of Illinois. *Hill v. Parsons,* 110 Ill. 107; *Cleveland, C., C. & St. L. Ry. Co. v. Wood,* 189 Ill. 352; *Rhea Thielens Implement Co. v. Racine Malleable & Wrought Iron Co.,* 89 Ill. App. 463; *M. Hommel Wine Co. v. Netter,* 197 Ill. App. 382; and *Smith v. Whitham,* 204 Ill. App. 110.

It is not strictly accurate to say that damages are not allowed for profits of the vendee. In every such case it is the purpose of the law to give complete compensation for each injury that is sustained. As is said in *Griffin v. Colver, supra,* "the broad general rule in such cases is that the party injured is entitled to recover all his damages, including gains prevented as well as losses sustained; and this rule is subject to but two conditions: The damages must be such as may fairly be supposed to have entered into the contemplation of the parties when they made the contract, that is, must be such as might naturally be expected to follow its violation; and they must be certain, both in their nature and in respect to the cause from which they proceed."

Upon a careful examination of this record we are unable to find any evidence from which the jury could reasonably find that damages such as it is here sought to recover were in the contemplation of the parties at the time the contract of sale was entered into. It does not appear from the evidence that any contract for the resale of these apples in barrels upon which caps had been used had been made. Indeed, it does not appear that the apples were ever resold at all. Moreover, the letter of plaintiff stated (whether it was a fact or not) that the caps could be obtained from other places, and while the plaintiff introduced oral evidence tending to show that this was not in fact true, it affirmatively appears that in the making of the contract the defendant had a right to rely upon that written statement. We could easily suppose a different situation where the defendant would, without doubt, be liable. If, for example, at the time these caps were ordered the plaintiff had informed defendant that the caps could be obtained from no other source and that the apples to be placed in barrels with caps upon them had been resold for a certain price, then it would clearly have been within the contemplation of the parties that damages such as the plaintiff now seeks to recover would be the natural and probable result of the failure of defendant to deliver the caps according to its contract. In the absence of such proof we are disposed to hold that the trial court properly directed a verdict, first, because there was no proof of any such damages as must have been in the contemplation of the parties at the time the contract of sale was made; and, secondly, as the evidence stands the damages claimed are too conjectural, uncertain and remote.

For these reasons the judgment of the trial court is affirmed.

*Affirmed.*

McSURELY, P. J., concurs.