## WILLIAM L. HAMMER

*v.* ·

## JACOB L. KAUFMAN *et al*

1. COURT FUND—*when money deposited with the clerk will not be so considered.* Where a party on filing his bill for redemption, deposited with the clerk of the court a certain sum of money, as a tender to the defendants, but which deposit was made, without the order of or knowledge of the court, and was never afterward recognized or treated by the court as its fund, such deposit will not be considered a fund of the court.

2. CLERK OF COURT—*not a receiver of the court by virtue of his office.* The clerk is not by virtue of his office a receiver of the court, and is not bound to receive deposits of money except under an order of the court, and when so received he can only pay it out upon the order of the court.

3. Where money is deposited with the clerk of a court, and does not become a fund of the court, if lost, the party making the deposit must sustain the loss, and not the person for whom it was so deposited as a tender.

4. In such case, the depositor may withdraw the money at any time before the court has recognized it as a fund under its control, or the party for whom it was intended has manifested a willingness to receive it upon the terms upon which it was deposited; and after it has been so withdrawn, an application for an order on the clerk for the payment of such money to the party comes too late.

5. Where, about a year after a suit had terminated, a motion was made by the defendant for an order on the clerk to pay over certain funds which had been deposited with him, by the plaintiff, while the suit was pending. *Held,* First, that the plaintiff was entitled to notice of such motion before the order could properly be granted; second, but, that if the original decree in the case had required the clerk to pay such money so deposited with him to the defendants, such notice was not to be required.

APPEAL from the Circuit Court of Macon county; the Hon. CHARLES EMERSON, Judge, presiding.

This was an appeal from an order made by the court below, upon the clerk, William L. Hammer, to pay over to the

appellees, certain money which had been deposited with him, upon the filing of a bill in equity, by one Joseph Smallwood, against these appellees and others, defendants. The money had been deposited by Smallwood, as a tender to the defendants, but it had never been treated or recognized by the court as a fund of the court; nor had the defendants ever manifested any willingness to accept it. A decree was entered in the case in favor of Smallwood, but required him to pay to the master a certain sum of money, and that the master pay the plaintiff's costs, and give the residue to the defendants. Subsequently, Smallwood withdrew the money from the clerk. About a year after the suit had terminated and passed from the docket, these appellees moved to reinstate the case, and for a rule upon the clerk to show cause why he did not pay to them the money which had been placed in his hands by Smallwood, as a tender to them. The court granted the order whereupon the appellant appealed to this court.

Messrs. NELSON & ROBY, for the appellant.

Mr. S. G. MALONE, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The money, in this case, was paid into the hands of the clerk by complainants while the original cause was pending. It was not under an order of, nor does it appear to have been within the knowledge of, the court below. There is nothing from which it can be inferred that the clerk was either a general or special receiver or depositary of the court, or that the payment, after it was made, was recognized or treated as a fund in court. For aught that appears, this was only a tender made by complainants to defendants when he filed his bill to be permitted to redeem. They, however, seem, by their acts at least, to have refused to receive the tender thus made, as they did not receive the money, or have it declared a fund in court. Not only so, but the decree was rendered without reference to this fund.

The decree requires complainant, and not the clerk, to pay the $182 to the master, and directs him first to pay the costs of the suit, and then to pay the balance to defendants. The decree required the complainant to pay the money; and, from this requirement, we must conclude that the decree was made without any reference to the money in the hands of the clerk. Had defendants asked the court, it would no doubt have been declared a fund at its disposal, and decreed the clerk to have paid the money directly to them. But, as this was not done, we are unable to see how it became a fund in court. Had the court ordered the clerk to so receive or hold it, there can be no doubt that it would have become such a fund. And had the court, at any stage of the proceeding, in any manner, treated it as a fund of court, it would have been such, and more especially had the decree required the clerk to pay it to defendants. But this was not done expressly or by implication.

The clerk is not by virtue of his office a receiver of the court, and is not bound to receive such deposits, except under an order of the court. And when he has thus received money paid into court, he can only be warranted in paying it out on the order of the court. As this money failed to become a fund in court, had the clerk by any means lost it, complainant would have been compelled to sustain the loss, and not the defendants. This being so, it is only reasonable, that he should be permitted to withdraw the fund, at any time before the court has recognized it as a fund under its control, or until the other parties had manifested a willingness to receive the money on the terms upon which it was deposited.

The court below, however, having rendered the decree it did, and defendants not being required to part with their title, until they received the redemption money which they were found by the court entitled to receive, they had a right, at any time before the fund was withdrawn from the hands of the clerk by complainant, to come into court, and, upon notice to the other party, and proof that the decree had not been paid, obtain an order for the payment of the money by the clerk to them, on the same terms they could have had against the master, had

the money been paid to him. But such an application comes too late, after the party thus depositing it has withdrawn the money from the clerk, when it had been placed in his hands without an order of court or being recognized as a fund of court.

In this case the clerk claims to have paid the costs of the chancery suit as found by the decree. If he made this payment he would, as between himself and the defendants in that suit, be entitled to a credit for the sum thus paid. He also claimed to have paid complainant's solicitor one hundred dollars. If this was done upon proper authority, and before this motion was made, he was entitled to a credit for such a payment thus made. If not so paid, then it was in his hands, liable on the motion of defendant to become a fund in court, and to be paid out thereafter only under an order of the court. After the motion was made for an order on the clerk, to pay the money to defendants, it then became a fund of court, and the clerk was liable to pay whatever sum was in his hands belonging to complainant, when ordered by the court.

Inasmuch, however, as the suit had terminated, and passed from the docket about a year before this motion was entered, complainant was entitled to notice of the motion, before the order could be properly passed requiring the clerk to pay the money to defendants. In the case of *Morrow* v. *Smith*, 4 B. Mon. 99, it was held that the court should not entertain a motion to withdraw a fund of court, without notice of the intended application. No such notice was given in this case, and complainant had clearly the right to be heard before the money was ordered to be paid to the other party. Had the original decree, as it should have done, required the clerk to pay the money to defendants, or to the master, and by him to have been paid to the defendant, such a notice would not have been required.

The order of the court below is, therefore, reversed, and the cause remanded.

*Decree reversed.*