## Paul Dickinson v. Charles L. Boyd, Assignee of the Garden City Foundry Co., Insolvent.

1. TENDER—*Practice in Cases of.*—Where a tender is made before suit, and the money subsequently paid into court, it is the duty of the court upon the defendant's application to order it paid to the plaintiff in satisfaction *pro tanto* of his claim. If the plaintiff is successful in his suit he will be entitled to judgment for the balance, with costs of suit.

Assumpsit, on the common counts. Trial in the County Court of Cook County; the Hon. H. R. S. WHEATLEY, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Rehearing denied. Opinion filed April 11, 1899.

CHURCH & McMURDY, attorneys for appellant.

MUND & SIMONTON, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellant became indebted to appellee for various sums, there being apparently a running account between the parties. Appellant and the Northern Electric Railway Co., of which he is president, were each indebted to a third party, the Excelsior Machine and Boiler Works. Appellee, as assignee of the Garden City Foundry Co., the insolvent, had retained as manager of the foundry, one Turner, its former president. An arrangement was made between Turner and

appellant, by which it was agreed that the debt to the Boiler Works due from appellant and that due from the Northern Electric Railway Co., of which appellant is president, should be paid in castings to be furnished the Boiler Works by the insolvent company, for which appellant was to pay.

There seems to be serious controversy over the facts. But it is contended by appellant that there was an agreement between himself and Turner, by which, instead of paying cash to the assignee for the castings thus furnished at his request and applied to pay his debts and that of the railway to the Boiler Works, he was to pay a building and loan association and credit the payment upon a note made by Turner which was owned by appellant, and secured upon the property occupied by the insolvent foundry works. It was admitted by appellant's counsel that the items in controversy were delivered by the assignee, and there is evidence tending to show that appellant admitted that he owed the whole amount sued for, but at the same time claimed that he was to pay to the assignee only a part of it, and was to pay for the remaining items in controversy, not to the assignee, but to the building association.

The agreement, by virtue of which appellant says he was to pay for the castings to the building association, and not to the assignee, who furnished them, is said to have been made with Turner only. But appellant testifies that the assignee told him, when he went there the first time after the assignment, that Turner " would manage the business, and any agreements or arrangements made with him would be all right.".

There is no dispute that Turner was employed by the assignee to manage the business, and that any agreements relating to the purely business management, such as the manufacture and delivery of goods, Turner was authorized to make. Further than this, the evidence does not warrant the contention that Turner had authority to bind the assignee.

It was, however, sought to show that the assignee had

Dickinson v. Boyd.

ratified the agreement by Turner as to the manner of payment. Appellant's testimony is: "I spoke to him (the assignee) once or twice about it, but it was always when some plan was in consideration to take this estate out of his hands;" and that the assignee "always said he didn't care what was done with the $600, so long as we took the estate out of his hands." Appellant's counsel offered to prove that the assignee told appellant that he knew the agreement in controversy had been made, "and that the estate would live up to it."

The court excluded this testimony; but if admitted it would not have materially improved the appellant's case. The assignee was an officer of the court and there is no evidence tending to show any authority, order of court, or circumstances, which could justify him in diverting a part of the assets of the insolvent company in payment of any personal debt of its president or any obligation of the company itself except in the regular method of distribution and payment on account of claims regularly proven and allowed in the ordinary way.

Appellant's counsel are, we think, mistaken in contending that the agreement of Turner with appellant, whatever it may have been, is the basis of the action in this case. The basis of the action is, as we understand it, the delivery of property upon appellant's order for which appellant agreed to pay. The method of payment, as agreed upon with Turner, was not binding upon the assignee. This the appellant must be presumed to have known, and to have acted at his peril. He can not be relieved of his obligation to pay for goods delivered at his request and which he used to pay his own debt. These goods were not, as we understand the facts, delivered in payment of the debt of another. The obligation was directly incurred by appellant.

Appellant complains of the exclusion of certain testimony, some of which might properly have been admitted. But we have considered the case as if the evidence offered by appellant's counsel had been introduced.

It is urged that the judgment was erroneous because it

included a part of the claim sued for which had been tendered to the assignee before suit was brought and was paid into court upon the refusal of appellee to accept it. In Monroe v. Chaldeck, 78 Ill. 429, 432, where the evidence did not show a tender before suit and the money was not paid into court it was said :

" This position might be regarded with some force, had it appeared the amount named in the plea was actually offered appellee before suit was instituted, and this followed up by bringing the money into court subject to the order of the court. The correct practice, had this been done, would have required the court to have ordered the money tendered paid over to appellee and rendered judgment against him for the costs."

In the present case the tender was made before suit, and the money subsequently paid into court. Upon appellee's application it would have been the duty of the court to order it paid to appellee in satisfaction *pro tanto*. Inasmuch, however, as the sum tendered was only a small part of the amount due appellee, he was entitled to judgment for the balance with costs of suit. The judgment will, therefore, be reversed and the cause remanded with directions to the County Court to order the amount of the tender, which was deposited in court, paid over to appellee, and deducting it, render judgment in his favor for the remainder. Reversed and remanded with directions.