NIKOLAUS UEDELHOFEN *et al.*

*v.*

JOHN B. MASON *et al.*

*Opinion filed February 18, 1903.*

1. MORTGAGES—*effect of tender of part of amount of foreclosure decree.* Tender by defendants to a foreclosure proceeding of the amount found due by the foreclosure decree, except for solicitor's fees and costs, admits every fact which complainants would be required to prove to obtain a decree for the amount tendered.

2. SAME—*when decree for solicitor's fees and costs is right.* If com-plainants' right to a foreclosure decree is admitted by tender of the amount found due, except for solicitor's fees and costs, the complainants are entitled to such costs and solicitor's fees also, where the mortgage stipulates for the amount allowed for the latter and there is no evidence that it is excessive or unfair.

3. SAME—*when dismissal of bill to foreclose is error.* It is error to set aside a foreclosure decree at a subsequent term and dismiss the bill for want of equity upon complainants' refusal to accept defendants' tender of the amount found due by the decree, except for solicitor's fees and costs.

4. VARIANCE—*when tender operates as a waiver of variance.* Tender by the defendants of the amount found due by the foreclosure decree, except for solicitor's fees and costs, is a waiver of any variance between the evidence and the findings of the decree as to which of the complainants was the legal holder of the note.

*Mason* v. *Uedelhofen,* 102 Ill. App. 116, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

The appellees John B. Mason and Henry P. Kransz brought their bill in equity in the superior court of Cook county against the appellants, Nikolaus and Katharina Uedelhofen, to foreclose, as a mortgage, a deed of trust on real estate given to secure the payment of appellants' note for $1000, and interest. The note was payable to the order of the makers and endorsed in blank. The complainant Mason claimed to be the legal holder. Kransz was the trustee in the deed of trust. Before the trial the appellee John A. Schmidt was also made a complainant by amendment to the bill. The appellants failed to perform their covenant to keep the property insured as further security for the debt, and to re-pay the amount paid out by the holder of the note for such insurance and for procuring an abstract, and in accordance with the provisions of the deed of trust the note, and interest thereon, were declared to be due and payable. The bill was then filed.

On the hearing it appeared that complainant Schmidt, and not Mason, was the legal holder of the note, but the defendants' failure to keep their covenants having been proved, the chancellor entered a decree as prayed, finding that Mason was the legal holder of the note, and that there was due him for principal and interest and for moneys paid for insurance and for abstract of title, and $150 solicitor's fees stipulated for in the deed of trust, the total sum of $1244.14, and ordering sale of the property after twenty days, if not paid. After praying an appeal and obtaining time for filing a certificate of evidence, the defendants (appellants here) moved the court to amend the decree by striking out the allowance of solicitor's fees and the costs of suit, "and also that said

decree be in other respects amended so it will conform to the evidence in the cause." A continuance was granted, and at the March term said motion was heard, and the chancellor entered a decree reciting the motion and stating that the defendants had, upon the hearing of the motion, tendered the complainants $1112.15 to satisfy the amount unpaid on the notes, insurance and abstract fees mentioned in the bill, and that the complainants having refused in open court to accept such tender as a complete satisfaction of their demands alleged to be due, the court finds "that the evidence considered upon the hearing of this cause and preserved in the certificate of evidence filed herein on February 23, 1901, doth not sustain the allegations of the amended bill filed in this cause, and is insufficient to sustain the decree entered in this cause at the February term aforesaid." The court then vacated and set aside said first decree and dismissed complainants' bill at their costs, for want of equity. On appeal by the complainants the Appellate Court reversed this decree and remanded the cause, with directions to the chancellor to enter a decree for complainants as of February 5, 1901, (the date of the first decree,) for the amounts then found due by him. The defendants to the bill then took this appeal to this court.

JAMES J. BARBOUR, for appellants.

IVES, MASON & WYMAN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

It was clearly proved on the hearing in the superior court that the defendants to the bill failed to perform their covenants to keep the buildings on the mortgaged property insured to the amount agreed upon, and to pay the abstract fees. The $150 allowed by the first decree for solicitor's fees was stipulated for in the deed of trust, and we find nothing in the record tending to prove that

this charge was excessive or in any way unfair. It seems clear, then, that if the complainants were entitled to foreclose, they were entitled to a decree for solicitor's fees also, and for costs,—the two items that the defendants asked to have stricken from the decree as first entered. By tendering, on the hearing of the motion, all of the complainants' demands except the solicitor's fees and costs, the defendants admitted that the amount tendered was due the complainants,—indeed, admitted every fact which the complainants would have been required to prove to obtain a decree for that amount. (*Sweetland* v. *Tuthill*, 54 Ill. 215; *Monroe* v. *Chaldeck*, 78 id. 429; 25 Am. & Eng. Ency. of Law, 942; 1 Greenleaf on Evidence,—15th ed.—205; 21 Ency. of Pl. & Pr. 582.) It follows that it was error to set aside the decree of the February term, and to dismiss the bill for want of equity after such tender and the refusal of complainants to accept the same.

It may be that the finding in the first decree that Mason was the legal holder of the note was not sustained by the evidence, but both he and Schmidt were parties complainant, and Schmidt, as well as Mason, would be bound by the decree, and the admission of the defendants that the amount tendered was due to the complainants, or that all they demanded was due except costs and solicitor's fees, was a waiver of any variance in the respect mentioned. If the complainants were entitled to the amount tendered, they were also entitled to costs and the solicitor's fees. The chancellor erred in not so finding, and the Appellate Court was correct in reversing the decree.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*