ANNIE MACKEY

*v.*

MICHAEL S. KERWIN.

*Opinion filed October 23, 1906.*

1. DEEDS—*intention to postpone vesting of title in grantee must be clear.* The vesting of title in the grantee in a quit-claim deed will not be held to depend upon the making of a certain payment of money by the grantee, provided for in a simultaneously executed contract, in the absence of language clearly showing an intention on the part of the grantors to make such payment a condition precedent to the vesting of such title.

2. SAME—*what is not a condition precedent to vesting of title.* Where a contract, entered into by husband and wife and a daughter of the husband by a former marriage, simultaneously with the giving of a straight quit-claim deed of certain land by the husband and wife to the daughter,—the whole transaction being in settlement of a lawsuit involving, among other things, title to the land conveyed,— the daughter's title derived through such deed will not be defeated by a clause in the contract to the effect that upon payment of $400 by the daughter to her stepmother within sixty days after the death of her father "all right, interest, title or claim" of said stepmother in said property should cease, such words not being sufficient to constitute a condition precedent to the vesting of title.

3. TENDER—*when tender is not conclusive admission of liability.* A tender made before trial but which is not relied upon in the pleadings of the party who made it nor the money brought into court is not a conclusive admission of liability, and the party is not precluded from explaining the reasons for the tender or showing that it was made under the mistaken belief that the sum was due.

APPEAL from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

E. J. WHITEHEAD, for appellant.

JOHN S. STEVENS, (JOHN E. DALTON, of counsel,) for appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the court:

The decree of the circuit court of Cook county, from which this appeal is prosecuted, finds that Michael S. Kerwin, who filed the bill in this cause for partition and accounting, is the owner in fee simple of an undivided one-fourth of certain real estate in the city of Chicago, that James J. Mackey is the owner of the remaining three-fourths, and that appellant has no interest in the land sought to be partitioned. It further finds that the appellant has received rents and profits from the premises and that there is now due from her to the owners thereof, on account of such rents and profits, the sum of $170.05. It awards partition between Kerwin and James J. Mackey, and adjudges that they recover of and from appellant said sum of $170.05, and that they have execution therefor.

Appellant claims homestead and dower in said real estate, and denies that there is anything due Kerwin and James J. Mackey from her, but insists that, in case she is not entitled to homestead and dower, she is entitled to recover from the other two parties above mentioned the difference between $422 and the amount received by her as rents subsequent to October 24, 1904.

The real estate in question was, on and prior to June 4, 1898, owned by John Mackey, then a widower and now deceased. On that date he conveyed said real estate to Anna Davey, his daughter. He was thereafter, on September 23, 1898, married to appellant, and on February 8, 1899, she filed a bill against him for separate maintenance in the circuit

court of Cook county. Anna Davey was also made a defend-
ant to that bill, and it was therein charged that she held said
real estate in trust for John Mackey and that he was the
equitable owner thereof.· While that suit was pending the
parties reached an agreement, which, on May 26, 1899, was
reduced to writing and signed by John Mackey, Annie
Mackey, Anna Davey, and the husband of the latter.  This
agreement, after reciting the pendency of the suit brought
by Annie Mackey, the adjustment of the differences between
appellant and her husband, and the desire of the parties to the
agreement "to adjust and settle forever all matters in con-
troversy, and to adjust and settle every and all claims, real
or imaginery, of the said parties of the second part, (appel-
lant and her husband,) or either of them, to any real estate
held by said Anna Davey," provides that in consideration of
the giving of a quit-claim deed to the real estate in question
by John Mackey and Annie Mackey, his wife, to Anna
Davey, releasing and quit-claiming all their right, title and
interest in and to such property, and in consideration of the
dismissal of the aforesaid suit brought by Annie Mackey,
John Mackey shall have the right to collect and use the rents·
and profits issuing from said real estate, "title of which is in
Anna Davey," during his natural life, and in case of his
death prior to the death of his wife, "then said parties of the
first part (Anna Davey and her husband) further covenant
and bind themselves, their heirs, executors, assigns and ad-
ministrators, to pay to said Annie Mackey the sum of four
hundred ($400) dollars in cash within sixty days after the
death of the said John Mackey, should said Annie Mackey
survive him.  And all right, interest, title or claim of said
Annie Mackey in and to said property shall cease upon the
payment of said four hundred ($400) dollars; and all right,
title or interest of said John Mackey, his heirs, executors or
administrators or assigns, in and to the rents, issues and
profits of said property shall cease and terminate with the
life of said John Mackey.  Said Anna Davey retaining full ·

and clear title to said described property, and giving and granting only to said John Mackey, by virtue of this agreement and for the considerations hereintofore named, the rents and profits of said property during the term of his natural life," etc. Simultaneously with the execution of this agreement, John Mackey and Annie Mackey executed and delivered to Anna Davey a quit-claim deed, which, for the consideration of $25, purported to convey absolutely to the grantee all interest of said grantors in the real estate in controversy and contained a release and waiver of the right of homestead. Thereafter, and subsequent to the dismissal of the suit for separate maintenance, Annie Mackey and John Mackey were divorced, but were re-married shortly before his death.

In the case at bar appellant proved, and the master found, that at the time of the execution and delivery of the deed of June 4, 1898, by John Mackey to Anna Davey, John Mackey was engaged to marry appellant; that that conveyance was made for a mere nominal consideration, without the knowledge of appellant, who, relying upon the ownership of said property by John Mackey, had theretofore agreed to become his wife, and that appellant did not learn of the conveyance of the property to Anna Davey until after her marriage to John Mackey.

In regard to the deed of June 4, 1898, the appellant has two theories viz.: First, she contends that the conveyance was in fraud of her rights as the prospective wife of John Mackey, and as to her was therefore void; and second, she urges that the conveyance was merely in trust for John Mackey, and that he remained the equitable owner of the land after making the deed to Anna Davey. She claims that in either event the conveyance did not prevent her dower and homestead from attaching to the land upon the death of John Mackey.

As to the deed of May 26, 1899, executed by herself and husband, appellant contends that the title was to pass to

Anna Davey only upon the performance of certain conditions precedent which are said to be contained in the written agreement executed by herself and husband and by Anna Davey and husband at the time of the delivery of the last mentioned deed and as a part of the same transaction; that neither Anna Davey nor her grantees performed those conditions, and that, therefore, no title passed to Anna Davey by that deed.

In the view we take of this case it is not necessary to determine whether the deed of June 4, 1898, was void or voidable as to appellant or whether that conveyance was merely in trust for John Mackey, as we consider such controversies settled by the agreement made between all the parties on May 26, 1899. Considering that agreement as a part of the deed which was executed and delivered by appellant and her husband to Anna Davey on May 26, 1899, we are unable to agree with appellant that any of the provisions of the agreement constitute conditions precedent to the vesting of title in Anna Davey.

It is not disputed that John Mackey was permitted to receive the rents and profits from the premises up to the time of his death, which occurred on February 10, 1902. The only provision of the agreement which was not complied with by Anna Davey was that requiring her to pay to appellant $400 within sixty days after the death of her husband, and the failure to pay that amount within the time specified is the breach of the alleged condition precedent which appellant claims prevented the vesting of title in Anna Davey.

The words which create the obligation on the part of Anna Davey, when taken by themselves, merely amount to a covenant on her part to pay $400, which is to become due sixty days after the death of John Mackey. Appellant insists, however, that the clause, "and all right, interest, title or claim of said Annie Mackey in and to said property shall cease upon the payment of said four hundred ($400) dollars," which follows the words imposing the obligation,

shows an intention of the parties to make the vesting of title in Anna Davey dependent upon the payment of said amount to appellant within the time specified in the agreement.

In our judgment the words last above quoted are wholly inadequate to express any such intention. What right, interest, title or claim appellant retained in the property after the settlement and agreement had been made and reduced to writing, and after the execution and delivery of a quit-claim deed to Anna Davey, is not disclosed in express terms by either of those instruments, and in the absence of some provision clearly showing an intention on the part of the grantors to make the vesting of title dependent upon the payment of $400 within the time specified, we cannot say that the right, interest, title or claim which was to cease upon the payment of the money was all the right, title and interest which appellant would have had in the property if the deed of June 4, 1898, and the deed and agreement of May 26, 1899, had never been made. Moreover, other expressions are found in the agreement which indicate an intention on the part of appellant and her husband to acknowledge the validity of the deed of June 4, 1898. In describing the land from which John Mackey is to receive the rents and profits during his lifetime, it refers to the land in question, "title of which is in Anna Davey," and in another part of the agreement is the following: "Said Anna Davey retaining full and clear title to said described property." These expressions, contained in an instrument signed by appellant at the time of the settlement of her difficulties with her husband and of her alleged property rights with Anna Davey, are wholly inconsistent with the claim now made by her that the title was not to vest unless $400 should be paid to her within sixty days after the death of her husband.

Whether the words relied upon by appellant as creating a condition precedent, when taken in connection with the words imposing the obligation to pay the sum of money to appellant, should be construed to make such payment a con-

dition subsequent, or whether they should be taken to reserve a lien upon the property for the payment of the money, is unnecessary to determine, as appellant has received, since the death of John Mackey, a larger net sum from the rents and profits issuing out of the premises than the amount specified in the agreement to be paid to her; and the receipt of such sum has satisfied appellant's claim whether the provision of the agreement be a covenant, a condition subsequent or an equitable mortgage or lien, although it was not received within the time specified in the agreement.

The deed of May 26, 1899, contained a release and waiver of the right of homestead, and it therefore follows that appellant is not entitled to homestead or dower in the premises sought to be partitioned.

On May 28, 1903, Anna Davey and her husband conveyed the real estate in question to James J. Mackey, who, on February 21, 1905, conveyed an undivided one-fourth thereof to Michael S. Kerwin. Both of the last named persons had knowledge of the written agreement above mentioned. After receiving his deed to the premises, and on October 24, 1904, James J. Mackey, who had been attempting to obtain possession of the premises, tendered to the appellant $422, being the amount designated in the written agreement to be paid to the appellant, and interest thereon. This tender was refused by appellant.

The greater part of the rents, which the court found had satisfied the amount due appellant under the agreement, was received by her prior to the making of this tender. She contends that the tender was a conclusive admission upon the part of the then owner of the premises that the sum of $422 was due her at that time, and that in stating the account the master should have commenced with a credit of $422 in her favor and should have charged her only with rents received by her since October 24, 1904, the date of making the tender.

The tender was not mentioned or relied upon by Kerwin in any of the pleadings filed by him in this cause, and James

J. Mackey, his co-tenant, made no reference to it in the answer filed by him. Neither was any amount tendered into court for appellant by either of these parties.

Authorities are cited, among which are *Sweetland* v. *Tuthill,* 54 Ill. 215, and *Monroe* v. *Chaldeck,* 78 id. 429, which hold that where one pleads tender in a suit against him for the recovery of money, or where he tenders into court a sum of money for another, such plea or tender is, in the suit or proceeding in which the plea is filed or tender made, a conclusive admission that the amount stated in the plea or the sum tendered into court is then due, and he is not permitted to prove the contrary.

Where, however, a tender has been made before the trial, but the tender is not relied upon in the pleadings of the party who made it nor the money brought into court, we think the law is as stated in Hunt on Tender, (sec. 400,) where it is said: "Such tender is an admission of liability, but it is not conclusive. Its weight is to be considered by the court or jury over against a subsequent denial of all liability or an assertion of a liability for a less sum than tendered. The defendant is not precluded from stating the reasons or object in making the tender; that it was his desire to close the transaction and avoid litigation, or that, at the time, he thought the tender was necessary to save certain rights, or that it was made under the mistaken belief that the sum was due." This statement of the law is supported by the case of *Ashuelot* v. *Cheshire,* 60 N. H. 356.

We are of opinion that the master properly charged appellant with the net rents received by her from the premises in controversy from the death of her husband, which were in excess of the amount due her from Anna Davey, and that the errors assigned by appellant in this court are without merit.

The decree of the circuit court will be affirmed.

*Decree affirmed.*