SANDERS & ADKINS, Appellants, v. JOHN Q. MOSBARGER & SON, Respondents.

Kansas City Court of Appeals, December 4, 1911.

1. SALES: Guaranty: Duty to Furnish Article, Instead of Rescinding. A written contract of sale of a gasoline engine guaranteed that it would start as quickly and work as well in winter as in summer and that it was frost proof. The writing contained the further agreement that if it did not, the vendor would furnish a new one and that if the engine did not work in winter as well as in summer and no new engine was furnished by the vendor, he would take back the engine and refund the money and notes given for the purchase price. It was *held* that it was the vendor's primary duty to furnish a proper engine, and that he could not absolve himself against the vendee's consent by offering to take back the engine and returning the purchase price.

2. ———: ———: Affirmance of Sale: Partial Failure of Consideration. In such case, the vendee is not compelled to rescind the contract, but he may keep the engine and set up partial failure of consideration by resisting payment of a part of the contract price.

3. TENDER: Bringing Money Into Court: Judgment: Practice. Where there is a tender before suit brought, and the money then deposited in court after suit brought, before trial, it is the plaintiff's money, the same as if paid to him, and if he continues to prosecute his action, it is for the balance only; and if

he does not show himself entitled to more than the tender and deposit, the verdict and judgment should be for the defendant. But in such case, though he recovers less than the deposit, the whole of it is his.

4. ———: ———: ———: Rule. The statute as to tender and deposit in court, is practically the same as a rule against the plaintiff permitting the defendant to bring the amount of money confessed by him to be due, and the practice is alike in either case.

5. ———: ———: ———: ———: ———. A tender of $100 was made before suit brought, which was deposited in court after suit brought, and the plaintiff continued to prosecute his case and obtained a verdict for only $87.30, upon which judgment was rendered. The judgment was affirmed and the cause remanded that the court might order the amount deposited paid to the plaintiff in satisfaction of the judgment.

Appeal from Worth Circuit Court.—*Hon. Wm. C. Ellison*, Judge.

AFFIRMED (*with directions*).

*Kelso & Kelso* for appellants.

*Dubois & Miller* for respondents.

ELLISON, J.—This action was brought upon a promissory note, in which a verdict was returned for plaintiffs for $87.30, upon which judgment was rendered.

It appears that defendants bought a gasoline "frost proof engine" from plaintiffs at the price of $440. Of this, $100 was paid in cash, and two notes given for $170 each, with interest. One of these notes was paid, but defendants claimed that only a part of the one in suit was justly due and therefore tendered to plaintiffs $100, before the suit was brought. The tender was refused, whereupon, after the suit was brought, defendants paid that amount into court, as per the statute in such cases.

It is insisted that the court should not have allowed defendants the opening and closing of the case.

Ordinarily the plaintiff, having the burden of proving the cause of action alleged, has the opening and closing. But in this case the note sued on was admitted by defendants and the plea, in effect, was a partial failure of consideration, the burden to prove which was upon the defendants. We cannot say there was an abuse of the discretion of the court in directing defendants to open and close.

There was a written contract of sale which guaranteed the engine to be a good practical engine for "both summer and winter work, being perfectly frost proof." It failed to perform in the winter and defendants were notified. They insisted it could be made to work and then a second contract was executed, which embodied a guaranty or warranty to the effect that "the engine would start to run in cold weather as well as in warm weather," and that it was "frost proof and a good practical engine for both winter and summer work." By the terms of the contract it was agreed by plaintiffs that they would make said engine start to run in cold weather as well as in warm weather, or, if it did not, they would take it back and put another in its place. That if the plaintiffs failed to make the engine start as well in cold as in warm weather, and failed to put in a new one, then they would take back the engine sold and would refund to defendants all the money they had paid and return unpaid notes. It was agreed on defendants' part that they would take good care of the engine and "not change or alter the machinery except under instructions and specific directions of the parties of the first part." Under this agreement the engine was left with defendants and again they attempted to operate it.

The verdict, in its effect, being for the defendants, we must accept as the facts of the case whatever the evidence in their behalf tends to show and all reasonable inferences to be drawn therefrom. It may therefore be stated that the engine did not fill the guaranty.

It would not operate in the winter as in the summer. Defendants' continued efforts demonstrated that it would not start in the winter time except after prolonged effort, and so notified plaintiffs. They responded and attempted to correct whatever was wrong; and yet it failed to meet the terms of the contract. One of the persons who came with plaintiffs to endeavor to fix it, said that it could not be made to operate as well in winter as in the summer; and another said no such agreement should have been made by plaintiffs.

It being a fact, as established by the verdict, that the engine failed, the parties yet differ as to their respective rights in such situation, and as to the duty each owed the other.

As we interpret the contract, it was plaintiffs' primary duty to furnish defendants with a proper engine. They did not have a right to say "we have failed and will take the engine back and return the money and notes." They were affirmatively obligated to furnish a proper engine to defendants. If they failed, they had a right to put in a new one, and it was defendants' privilege to demand it, if they chose to do so. But if plaintiffs failed to furnish an engine which filled the terms of the warranty, defendants were not under any obligation to rescind the contract and return, or offer to return, it. There is nothing in the contract requiring that action on their part. A vendee may stand on his contract, retain the property sold and maintain his action for damages for breach of the warranty, or he may resist payment of a part of the contract price; and he may do this, if he so elects, even in cases where he has a right to rescind. [Steel & Wire Co. v. Symons, 110 Mo. App. 41, 50–53; Brown v. Weldon, 27 Mo. App. 251, 267–273; s. c., 99 Mo. 564.]

It follows that defendants were properly allowed to prevail in the trial court unless there be error in the action taken by the court on instructions.

The first offered by plaintiffs was a demurrer, and what we have written disposes of it.

The second was properly refused in that it omits a hypothesis of substantial parts of the terms of the warranty, and directs a verdict on a part only.

The third states that if defendants kept the engine, their defense must fail, even though there was a breach of the warranty. We have already stated that was not the law.

The substance of the fourth was embodied in those given by the Court; and the fifth states a rule of damage to defendants in a way that might cause some misunderstanding. The measure of damage is definitely and properly stated in instruction No. 2 by the court. And the direction as to the burden of proof stated in plaintiffs' No. 5, is stated, in practically the same terms, by the court's No. 5.

It will be observed that there was a tender before the action was instituted and afterwards a deposit in court of $100, and that the verdict and judgment were for $87.30. Plaintiffs claim that the judgment should have been for at least the amount thus tendered and deposited. The sum tendered and deposited in court is for the plaintiffs, and may be taken by them at any time. Its tender and payment into court for the plaintiffs was, for all practical purposes, a payment to them (Knollenberg v. Nixon, 171 Mo. 445, 455), and though the verdict was for a less sum, the defendants cannot claim back the overplus. [Johnson v. Garlichs, 63 Mo. App. 578, 584; Voss v. McGuire, 26 Mo. App. 452; Griffith v. Jackson, 45 Mo. App. 165, 168; Transfer Co. v. Neiswanger, 27 Mo. App. 356; Crawford v. Armstrong, 58 Mo. App. 214, 218.]

It follows that the true practice is, that where there is a tender and deposit in court, the money being deemed to have been paid to the party to whom the tender is made, he should not have a judgment for any sum unless more than that is found to be due him.

We so stated in Johnson v. Garlichs, supra, and the same is repeatedly stated in 1 Tidd's Practice, 619, 624, 627. Formerly, the defendant obtained a rule which permitted him to pay into court what he considered to be due, and whereby it was directed that unless the plaintiff accepted it, it should be struck out of the declaration and paid to the plaintiff or his attorney and that the plaintiff should not be permitted to give evidence of it. [1 Tidd's Prac. 619 (side page).] In such case "the action proceeds for the residue of the demand, in like manner as if it had been originally commenced for that only." Ib. 624. "In such case if the plaintiff proceed to trial, otherwise than for non-payment of costs, and do not prove more to be due him than the sum brought in, the plaintiff, on the rule being produced, shall be non-suited, or have a verdict against him, and pay costs to the defendant; and even though the rule be not produced the plaintiff, it seems, cannot take a verdict for the sum brought into court. But if more appear to be due him, he shall have a verdict for the overplus and costs." [Ib. 627.] The same thing is stated by the Supreme Court of New York. [Bank of Columbia v. Southerland, 3 Cow. 336; Dakin v. Dunning, 7 Hill 30.] In Levan v. Sternfeld, 55 N. J. L. 41, the court said that if the plaintiff "fails to prove that his claim exceeds the deposit, there is a verdict for the defendant." In Monroe v. Chaldeck, 78 Ill. 429, the correct practice is stated to be that if the defendant tender the amount due the plaintiff and deposit it in court, the judgment should be for the defendant and the tender ordered paid to the plaintiff.

The statutes of many of the states now authorize a deposit in court of the amount tendered, without obtaining a rule against the plaintiff. Such is the statute in this state. [Secs. 2280–2282 and 7451–7453, R. S. 1909.] And the effect of the deposit under the statute is, practically, the same as under the rule.

The Supreme Court of Pennsylvania said that: "The same effect must be given to the act of 1867, when the money is paid into court, as when it is paid in under the common law practice, that is to say, that the payment is an act of record which admits the money to belong to the plaintiff, and therefore that the defendant cannot take it back." [Berkheimer v. Geise, 82 Pa. St. 64.] And it had been ruled by that court in Pennypacker v. Umberger, 22 Pa. St. 492, that if there is a tender and deposit equal to what is due the plaintiff, "the verdict should be for the defendant."

In Taylor v. Brooklyn El. Ry. Co., 119 N. Y. 561, there was a tender and deposit in court by the defendant and the verdict was for him. The court affirmed the judgment and stated that: "The money deposited is deemed in law a payment to the plaintiff on account of a contract obligation, or of a conceded liability for an injury."

In Maryland the statute has some additional features to ours, but does not affect the general question. In Gamble v. Sentman, 68 Md. 71, as in this case, the verdict was for the plaintiff, for the amount tendered, and it was held that it was practically a verdict for the defendant.

In Wilson v. Doran, 39 Hun, 88, approved in Taylor v. Brooklyn El. Ry. Co., supra, it is held that while a tender alone does not discharge a debt, nor bar a recovery, a tender *and* deposit in court will. "The bar," says the court, "depends upon the payment into court and is produced by it. When that is properly done, the plaintiff must establish a right to more than was tendered and paid into court, or judgment will go against him. And the money in court is treated as a payment to him, and it is his from the time it is paid in."

In this state a tender does not discharge the debt, nor will it even discharge the lien for a debt. The effect of a tender is to stop the running of interest

"unless the tender is kept up (that is, deposited in court), which amounts to nothing more nor less than a payment." That is the utterance of the Supreme Court in Knollenberg v. Nixon, 171 Mo. 445, 455, above cited, concerning the lien of a mortgage, and it is a recognition of the law as stated at the outset and in the foregoing authorities that a tender before suit brought and deposited in court, is tantamount to a payment to the plaintiff, and if he does not accept it, and does not show himself entitled to more, the verdict should be against him as it would have been on proof of payment.

It may be this matter of practice is not of vital importance, since, if the judgment is given for the plaintiff, for the sum deposited or less, it will be satisfied by paying to him the deposit. It is clear that plaintiffs have no cause to complain that their verdict, and judgment entered thereon, is for less than the amount tendered and deposited; for, as we have shown, they are entitled to an order for the whole amount of the deposit.

So, in this case it can make no difference in the rights of the parties whether the judgment is for the defendant, or for the plaintiff for a less sum than the deposit, or for the plaintiff for the amount of the deposit; the result is that plaintiff, in either case, would get the sum deposited; the costs to be adjudged as directed by the statute. But this question presents itself as to the mere form of the procedure. In Williamson v. Bailey, 78 Mo. 636, there was a set-off to the plaintiff's claim filed and a payment by the defendant to the constable of fifty cents and all cost then accrued, and the judgment on appeal to the circuit court was for the defendant. The Supreme Court remarked that "the plaintiff was entitled to a judgment for the amount tendered." Whether that statement should be considered not in harmony with the later cases of Knollenberg v. Nixon, supra, and Landis v. Saxton,

89 Mo. 375, which hold that a tender *and deposit* amount to a payment, we need not say, since it cannot affect the result. Therefore though it be conceded that plaintiff should have had a judgment for the amount of the deposit, it would be a useless formality to reverse the judgment and order another entered for an amount which plaintiff is to receive without such order.

We will therefore affirm the judgment and remand the cause, that the court may order the sum deposited to be paid to the plaintiffs and that the judgment be satisfied. All concur.