# Albert Reinhold, Appellant, v. Olof Hansson et al., Appel= lees.

## Gen. No. 16,497.

1. Appeals and errors—*when dismissal upon ground that relief prayed had been obtained, denied.* Where the decree requires modification such a motion will be denied.

2. Jurisdiction—*fund in custodia legis.* Where money is in the possession of the court it has jurisdiction to direct the payment thereof to the party entitled thereto.

Foreclosure.  Appeal from the Superior Court of Cook county; the HON. ARTHUR H. CHETLAIN, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1910.  Decree modified and affirmed. Opinion filed March 30, 1912.

TINSMAN, RANKIN and NELTNOR, for appellant.

D. J. NORMOYLE, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On July 7, 1909, Albert Reinhold filed his bill in the Superior Court against Olof Hansson and others to foreclose a trust deed.  All of the defendants, save the trustee, answered the bill, and upon replication to said answer by the complainant,—the trustee being defaulted for want of answer, and the bill taken *pro confesso* as to him,—the cause was, on October 21, 1909, referred to the master to take and report the proofs, together with his findings thereon.  The record discloses that on November 5, 1909, before any proofs were taken under said order of reference, a decree was entered in the cause, as follows:

"Upon motion of solicitor for defendants for leave to pay the principal, interest, court costs, attorneys' fees, and Master's fees into court, the same having been ascertained upon evidence heard in open court by the court to be seventeen hundred twenty-three and 34-100 dollars, being as follows:  Principal and interest $1,643.69, court cost $19.65, attorneys' fees $50, master's fee $10, and which amount has been paid by the defendants to the clerk of this court:

"It is hereby ordered that the order of reference hereinbefore made in above entitled suit be, and the same is hereby set aside, and it is further ordered by the court that the complainant deliver up to the defendants or their attorney the said unpaid coupon interest notes, principal note and trust deed *instanter,* and also that the complainant deliver *instanter* to the defendants or their attorney the abstract and insur-

ance policy which they hold upon the real estate re-
ferred to in above entitled cause, and it further ap-
pearing to the court that the said sum of $1,723.34 has
been paid to the clerk of this court,

"It is therefore ordered, adjudged and decreed that
the said cause be, and the same is, hereby dismissed
without further costs to either side."

To reverse this decree the complainant below prose-
cutes this appeal.

Appellees heretofore filed their motion to dismiss
the appeal upon the ground, generally, that appellant,
having obtained all the relief prayed for in his bill
of complaint, or that he was entitled to by the order
dismissing the bill upon payment of the amount due,
is not aggrieved by such order and cannot appeal
therefrom, and the disposition of such motion to dis-
miss the appeal was reserved to the hearing.

As an examination of the record discloses that the
decree may properly be modified in the particular
hereafter mentioned, the motion to dismiss the appeal
is denied.

It is not claimed by appellant that the amount paid
by appellees to the clerk of the Superior Court for
principal and interest, court costs, attorneys' fees and
master's fees was inadequate or insufficient, and the
specific finding of fact in the decree that appellees had
so paid said amount is sufficient to support the order
dismissing the cause without further costs.

Complaint is made because the decree fails to direct
the payment of the money to appellant. This com-
plaint, made as justifying this appeal, is more chimer-
ical than substantial. The money, having been paid to
the clerk with the knowledge and sanction of the court,
became a fund *custodia legis,* to be paid out upon the
order of the court. Hammer v. Kaufman, 39 Ill. 87;
Ferguson v. Sutphen, 8 Ill. 547.

Upon motion in the court below appellant might
readily have procured an order directing the clerk to

pay the money to him, and thereby avoided this appeal. If the attention of the court had been directed to the failure of the decree to award the payment of the money to appellant, the decree would, doubtless, have been so drafted as to accomplish that result.

As it is conceded that appellant is entitled to the money deposited with the clerk of the Superior Court, this court may properly modify the decree, so as to thereby direct the payment of said money to appellant. The final ordering part of said decree, as above quoted, will, therefore, be modified so as to read as follows: "It is therefore ordered, adjudged and decreed that the clerk of this court pay said sum of $1,723.34 to the complainant and that the said cause be, and the same is, hereby dismissed without further costs to either side."

As so modified, said decree will be affirmed, and each of the parties will pay one-half of the costs in this court.

*Decree modified and affirmed.*