FRANCISZKA NOWAK *et al.* Appellees, *vs.* JOSEPH DOMBROWSKI *et al.* Appellants.

*Opinion filed February 17, 1915.*

1. DEEDS—*whether a condition is precedent or subsequent is a question of intention.* Whether a condition in a deed is precedent or subsequent is a question of intention and not of phrase or form, as the same words may create either and there are no technical or precise words used to distinguish one from the other.

2. SAME—*character of condition depends upon the time of performance.* If the language of the particular clause or of the whole instrument shows that the act upon which the estate depends must be performed before the estate vests the condition is precedent, but if, on the contrary, the act does not necessarily precede the vesting of the estate but may accompany or follow it the condition is subsequent.

3. SAME—*when court may look to the circumstances.* If it is doubtful from the language used in a deed whether a condition is precedent or subsequent, the court may consider the circumstances connected with the transaction, and also the situation of the parties, in arriving at the intention.

4. SAME—*when provision may be construed to be a covenant and not a condition.* If from the language employed in a deed it is doubtful whether the provision is a condition or a covenant the provision will be construed as a covenant.

5. SAME—*fact that word "condition" is used is not important.* The fact that the word "condition" is used in a deed with refer-

ence to the performance of an act by the grantee is not important in determining whether the provision is a condition precedent or subsequent, nor is it conclusive that the provision was intended as a condition rather· than a covenant.

6. SAME—*rule where no time is prescribed in which condition is to be performed.* Where no time is prescribed in which a condition is to be performed, the general rule is that the performance must be within a reasonable time.

· 7. SAME—*language construed as not creating condition precedent.* A provision in a warranty deed that the conveyance is subject to .the condition that the grantee thereby agrees to pay to each of the five named children of the grantor the sum of $500, is not, in view of the circumstances of this case, a condition precedent, and the performance thereof is not essential to the vesting of the estate in the grantee.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

· I. F. DANKOWSKI, and LIGHTHALL & BLAKE, for appellants.

JOHN C. WILSON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a decree entered by the circuit court of Cook county setting aside a decree of foreclosure entered in said court, and a master's deed executed thereunder conveying a three-story brick building located at 1919 West Seventeenth street, Chicago. The decree here in question further ordered the partition of the premises and appointed commissioners for ·that purpose.

The facts are undisputed. On June 4, 1907, Franciszka Dombrowski, the owner of the premises involved herein, and her husband, Joseph Dombrowski, executed a warranty deed conveying said premises to Wincenty Jaworski for the expressed consideration of $5000, subject to a trust deed to the Kosciuszko Building and Loan Association, "and subject also to the following conditions, to-wit: The said

Wincenty Jaworski hereby agrees to pay to Mary, Franciszka, Balbina, Wladyslaus and Clara Dombrowski each five hundred ($500) dollars." This deed was acknowledged and delivered to the grantee on the same date and recorded the following day. The grantee was secretary of the Kosciuszko Building and Loan Association. He paid no money consideration for the property and never went into possession. The trust deed referred to in the deed was given to secure a loan of $1200. The grantor, Franciszka Dombrowski, died June 5, 1907, the day after the deed to Jaworski was executed. The said Jaworski, on July 1, 1907, executed a quit-claim deed of the property to said Joseph Dombrowski, father of the minor children in question, subject to said trust deed, "and subject also to the following condition, to-wit: The said Joseph Dombrowski hereby agrees to provide a home in his family to five (5) minor children until they become of age, and further agrees to pay to the said children [naming them as above] each five hundred dollars ($500) if they are of age." Joseph Dombrowski subsequently executed, at various times, three trust deeds to the Kosciuszko Building and Loan Association to secure loans amounting in all to $2800. December 8, 1908, said building and loan association filed its bill to foreclose the trust deeds, and April 12, 1910, a decree was entered in said foreclosure proceeding ordering a sale of the premises and finding that the five Dombrowski children had a first lien on the premises for $2500 in accordance with the terms of said two deeds. On August 17, 1910, the premises were sold under said foreclosure decree to the building association for $5500 and a master's deed was subsequently executed.

Mrs. Dombrowski was living with her family on the place at the time of her death and the minor children were still living there at the time of this trial. One of the children who was a minor when her mother died became of age before the foreclosure proceeding was finished and was

paid $500. Since that time another child has become of
age and was paid $500, and at the time of the trial the
guardian of the three minor children had in his possession
$500 for each of them.

The trial court held that the deed of June 4, 1907, did
not pass title to the grantee, Wincenty Jaworski, and that
therefore the title to said premises passed at the death of
said Franciszka Dombrowski to her five minor children,
subject to the dower and homestead of her husband; that
Jaworski, never having taken title, conveyed nothing by his
deed of July 5, 1907, to Joseph Dombrowski, and that the
three trust deeds afterward executed to the loan association
were not valid. The court ordered that the foreclosure
proceeding be vacated and the master's deed set aside as a
cloud upon the title of appellees; that the said association
owned an undivided two-fifths interest in said premises and
the three minor children each one-fifth, and that the hus-
band and children had certain homestead rights and the
husband certain dower rights in said premises.

The principal question involved in this proceeding is
whether the deed of June 4, 1907, conveyed title to Win-
centy Jaworski. Appellants contend that the provisions
heretofore quoted from the deed did not create a condition
precedent, and whether they created a condition subsequent
or merely a covenant, an equitable lien or a charge upon
the land, in any event the title vested in the grantee. Ap-
pellees contend that the language in the deed created a con-
dition precedent; that even if the condition be regarded as
subsequent, it was personal and could only be performed by
the grantee himself.

A condition in a deed is a qualification of the estate
granted and may be either precedent or subsequent. (See
I Jones on Real Prop. sec. 619.) "Conditions precedent are,
as the term implies, such as must happen before the estate
dependent upon them can arise or be enlarged. Conditions ·
subsequent are such as, when they do happen, defeat an es-

tate already vested." (2 Washburn on Real Prop.—6th ed.—sec. 937.) No technical or precise words are used to distinguish a condition precedent from a condition subsequent. The same words may create either, according to the rules of construction and the intent of the parties to the instrument. (13 Cyc. 684; *Burdis* v. *Burdis,* 96 Va. 81.) If the language of the particular clause or the whole instrument shows that the act upon which the estate depends must be performed before the estate vests, the condition is precedent. If, on the contrary, the act does not necessarily precede the vesting of the estate but may accompany or follow it, the condition is subsequent. (*Finlay* v. *King,* 3 Pet. 346.) In all cases it is a question of intention and not of phrase or form. (*In re Jones,* 48 L. R. A. [Mich.] 580.) It is immaterial where the clause creating the condition is placed in the deed. The question is whether the thing is to happen before or after the estate is to vest. (*Shinn* v. *Roberts,* 20 N. J. L. 435.) The intent, when apparent and not repugnant to any rule of law, will control technical terms, for the intent, and not the words, is the essence of every agreement. Circumstances connected with the transaction and the situation of the parties may be considered in arriving at the intent. While courts will not look at the extrinsic circumstances attending the execution of a deed where the language is clear and unambiguous, if there is any ambiguity it is proper to inquire into the surrounding circumstances. Construction in doubtful cases does not depend upon one rule, alone, but the intent should be discovered by the application of all rules of construction. (2 Devlin on Real Estate,—3d ed.—secs. 837, 839, 840.) The distinction between conditions precedent and subsequent is obvious in its consequences, but it is not always easy to determine which of these estates the words create. (*Phillips* v. *Gannon,* 246 Ill. 98, and cases cited.) What will or will not constitute a condition in a deed is often a matter of nice construction. It is sometimes difficult to deter-

mine whether such provisions annexed to the agreement constitute a condition, covenant, restriction, limitation or trust imposed on the property. If from the language employed it is doubtful whether the clause is a condition or covenant it will be construed to be a covenant. (*Koch* v. *Streuter,* 232 Ill. 594; 2 Devlin on Real Estate,—3d ed.— sec. 970*b.*) In construing doubtful conditions the court prefers conditions subsequent to conditions precedent, and conditions subsequent, in order to be relied on to work forfeitures, must be in express terms or by clear implication and construed strictly. (2 Washburn on Real Prop.—6th ed.— secs. 941, 942.) When the terms of the grant will admit of any other interpretation they will not be held to create an estate on condition. (1 Jones on Real Prop. sec. 632; *O'Neil* v. *Caples,* 257 Ill. 528.) When the instrument contains a provision that the grantee or devisee shall pay a specific sum or support and maintain a certain person, the courts have been astute in holding such conditions to be either conditions subsequent or trusts or charges upon the land. (*Tilley* v. *King,* 109 N. C. 461.) A covenant is an agreement duly made between the parties to do or not to do a particular act. It is a promise or agreement in writing, under seal. . (2 Words and Phrases, 1691, and cases cited.)

The meaning of the agreement or condition in the deed in question is not entirely free from doubt. Had it been worded as was the provision in the deed of July 1, 1907, from Jaworski to Joseph Dombrowski, obviously it could not be construed as a condition precedent.· Had there been any definite time fixed in which the $500 was to be paid to the five minor children the meaning of the agreement or condition could have been more readily ascertained. The provision of said deed as to the conveyance being subject to a trust deed to the building association cannot be construed as requiring payment of said trust deed before the title vested in the grantee. While it can be fairly argued

that the word "condition" in such proviso shows that the
conveyance was subject to the payment of the said $2500
and is a proper word to be used as showing a condition
precedent or subsequent, that word, under the authorities
heretofore cited, has been often construed, in view of the
context in which it was used, as creating a covenant rather
than a condition precedent or subsequent. (2 Devlin on
Real Estate,—3d ed.—sec. 971, and cases cited.) When no
time is prescribed within which a condition must be per-
formed, the general rule is that the performance must be
within a reasonable time. (1 Tiffany on Real Prop. sec. 71;
2 Devlin on Real Estate,—3d ed.—sec. 972.)

The meaning of the clause in question being doubtful,
the courts are required, in construing it, to consider the
circumstances surrounding the transaction and the situation
of the parties in arriving at the true intent of the instru-
ment. The property, at the time of the execution of this
deed, was encumbered by a trust deed in favor of the build-
ing and loan association. The owner was on her death bed.
Her children were all minors. Manifestly, she wished be-
fore her death to make certain provision for these minor
children. She agreed with the secretary of the building and
loan association to deed the property to him if he would
pay off the loan and give each of the children $500. The
question of the time of payment could not have been as im-
portant in the mind of the grantor as that the payment
should certainly be made. An absolute lien upon the land
would protect the children's rights just as surely as would
the payment of the money before the title vested. Indeed,
the children being minors, it may well be argued that it
was not the intention to pay the money to them at once,
as it would be necessary first to have a guardian appointed.
That Jaworski, the secretary of the building and loan as-
sociation, understood that he accepted the title to this prop-
erty with the agreement to pay these children $500 each is
clearly shown by the provisions inserted in the deed by him

when he conveyed the property to the father of the children. Under the wording of this provision in the deed to Jaworski the payment did not necessarily precede the vesting of the estate in the grantee and could as well be done after as before such vesting, provided the children's interests were fully protected. Even if we concede the proviso in question to be a condition rather than a covenant, it is obviously of doubtful meaning, and therefore, under the authorities, should be construed as a condition subsequent rather than as a condition precedent. We do not consider that this condition was personal to Jaworski. It made no difference who paid the money to the children so long as it was paid. Construing the deed as above stated, the decree of the circuit court in this cause was erroneous, as the deed in question conveyed the property to the grantee, Jaworski. This being so, as was said by this court in *Mackey* v. *Kerwin,* 222 Ill. 371, it is unnecessary to consider whether it is a condition subsequent, a covenant or a lien upon the property for the payment of money, as the title passed to the grantee in said deed, no matter which one of these three constructions was placed upon the provision in question.

The conclusion here reached relieves us of the necessity of deciding the other questions raised in the briefs, as to whether the decree rightly found that the two adult children, because they each had accepted the $500, were estopped from questioning the decree of foreclosure, and whether the decree here in question correctly found as to the homestead and dower rights.

The decree of the circuit court is reversed and the cause remanded for further proceedings in harmony with the views herein expressed.          *Reversed and remanded.*