## In re BROFER COAL & MINING CO.

### WHITNEY–KEMMERER v. KEARNS, Municipal Court Clerk, et al.

(Circuit Court of Appeals. Seventh Circuit. February 3, 1925.)

#### No. 3485.

**I. Courts ⬤366(I)—Affecting right to recover tender paid into court by bankrupt on claim for unliquidated damages, law of particular state governs.**

Law of Illinois controls right to recover for benefit of bankrupt estate money tendered and paid into court as amount admitted due on claim for unliquidated damages, pursuant to Cahill's Ill. St. 1921. c. 135, § 6 (Jones & A. Ill. St.

Ann. par. 11181), more than four months before adjudication.

**2. Tender ⬤26—Money paid to clerk under order of court as tender for unliquidated damages becomes fund in custodia legis, to be paid out on order of court.**

Under Cahill's Ill. St. 1921, c. 135, § 6 (Jones & A. Ill. St. Ann. par. 11181), providing for tenders for unliquidated damages, money paid to clerk under order of court becomes fund in custodia legis, to be paid out on order of court.

**3. Tender ⬤26—Custody of law is custody of plaintiff, and payment of amount admitted due on unliquidated claim is final and irrevocable transfer.**

Custody of law is custody of plaintiff, and defendant's action in paying into court money admitted due on claim for unliquidated damages amounts to final and irrevocable transfer.

**4. Bankruptcy ⬤144—Tender paid into court by bankrupt as amount admitted due on claim for unliquidated damages not recoverable for bankrupt estate.**

Where bankrupt, more than four months preceding adjudication, under Cahill's Ill. St. 1921, c. 135, § 6 (Jones & A. Ill. St. Ann. par. 11181), tendered and unconditionally paid into court amount admitted due on claim for unliquidated damages, such money could not, after adjudication, be recovered for bankrupt estate, though judgment for larger sum than tendered was rendered against bankrupt within four months before adjudication.

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the bankruptcy of the Brofer Coal & Mining Company. On petition of Whitney-Kemmerer, to review and revise order of District Court denying right to recover money previously paid by bankrupt to James A. Kearns, Clerk of the Municipal Court of Chicago, as an unconditional tender of amount admitted to be due on claim for unliquidated damages being there sued on by the Ellis & Richmer Coal Company. Order affirmed.

John D. Clancy, of Chicago, Ill., for petitioner.

Fred B. Hovey, of Chicago, Ill., for respondents.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. In a suit in the municipal court of Chicago to recover unliquidated damages for violation of a contract, defendant, more than four months before its bankruptcy, tendered unconditionally in open court an amount admitted to be

due. The court ruled that such sum should be received as a tender by the clerk, to be held until the further order of court. Within the four months before defendant was adjudged a bankrupt, judgment was rendered for a much larger sum. The question is: Can the money tendered be recovered for the bankrupt estate?

[1,2] Tenders for unliquidated damages are provided for by section 6, c. 135, p. 3342, Cahill's Ill. Stats. 1921 (Jones & Add. Ill. Stats. Ann. par. 11181). We agree with petitioner that the Illinois authorities must control, and that when the money was paid to the clerk, under order of court, it became a fund in custodia legis, to be paid out upon the order of the court. Reinhold v. Hansson, 169 Ill. App. 334; Ferguson v. Sutphen, 3 Gilman (8 Ill.) 547, 572; Hammer v. Kaufman, 39 Ill. 87, 89; People v. McGrath, 279 Ill. 550, 555, 117 N. E. 74; B. & O. R. R. Co. v. Gaulter, 165 Ill. 233, 238, 46 N. E. 256. In nearly all of the above cases it is held that money paid to the clerk on order of the court becomes a fund of the court and under its absolute control.

[3,4] The custody of the law is the custody of the plaintiff, and the action of the defendant operates as a final and irrevocable transfer. Mann v. Sprout, 185 N. Y. 109, 112, 77 N. E. 1018, 5 L. R. A. (N. S.) 561, 7 Ann. Cas. 95. Petitioner also cites Watson v. Lee Loader Co., 302 Ill. 276, 134 N. E. 719, but seems to have misunderstood it. The court did say that section 55 of the Illinois Practice Act (Hurd's Rev. St. 1921, c. 110) did not repeal the statute in relation to tender, but also said: "The defendant did not bring itself within the terms of the statute by bringing the money into court." The question came up on an instruction. The question here was not there involved.

Respondent cites, in support of its contention, 38 Cyc. 176. Many authorities are there listed supporting the contention that money paid to the clerk upon the order of the court passes beyond the control of the person making the tender. In Sweetland v. Tuthill, 54 Ill. 215, the court said that by tendering the money appellee admitted the sum was due to appellant, and that it was error to order a refund of any portion of that sum by which the tender exceeded the verdict. That case has not been reversed, but has been cited and relied upon in many later authorities, notably Mackey v. Kerwin, 222 Ill. 371, 378, 78 N. E. 817; Uedelhofen v. Mason, 201 Ill. 465, 468, 66 N. E. 364. In Dickinson v. Boyd, 82 Ill. App. 251, the money was paid into court, and the Appellate Court said: "Upon appellee's application it would have been the duty of the court to order it paid to appellee in satisfaction pro tanto." (Note error in syllabus.)

That case was approved in Smith v. Whitham, 204 Ill. App. 110, 112, where the court said: "Where such a tender is in court, the plaintiff has a right to take it, and if necessary, it is the duty of the court to order it paid over."

In Mann v. Sprout, 185 N. Y. 109, 111, 77 N. E. 1018, 5 L. R. A. (N. S.) 561, 7 Ann. Cas. 95, the court said: "When the sum tendered is less than the amount due, it is a conclusive admission of the indebtedness to the extent of the tender, regardless of the final result of the action, and not only does the party paying it into court lose all right to it, but the court itself has no power to make an order in the same action, which, in effect, retransfers the title. * * * Even if the verdict is for a less amount, or for nothing at all, the title has irrevocably passed and the result of the action has no effect thereon. The same rule prevails whether the action is in tort or on contract, for in either case the money paid into court by the defendant pursuant to a tender belongs to the plaintiff in any event. Refusal of the creditor to accept, or the death of either party, or the commencement of another action, does not change the effect, for the title passes by operation of law the same as if the tender had been accepted. The transfer is complete and cannot be changed without consent, or a decree in equity, from the moment the court takes control of the money. Acceptance by the court for the plaintiff has the same effect as acceptance by the plaintiff himself. Deposit in a bank, or with a third party, without the order of the court, does not prevent a withdrawal if there has been no acceptance, but the action of the court in a suit pending before it, whereby at the request of one party it takes money into its possession for the benefit of the other, has the same effect as actual acceptance, and ipso facto vests the title in him. * * * If the plaintiff goes on with the action and is nonsuited, or the verdict is against him or is for a sum less than the amount tendered and paid into court, still the defendant cannot take the money back, for it is not his, but has passed irrevocably to his adversary. If thereafter the fund is lost or stolen by the county treasurer, the loss falls on the plaintiff, not on the defendant, who has no further interest in the money [citing cases]."

24 Standard Ency. of Procedure, p. 776,

lays down the rule: "The bringing of the amount tendered into court, even if not accepted by the tenderee, is an absolute transfer of the money to him, whatever the fate of the action [citing numerous cases]." We note, also, the following authorities: Sowle v. Holdridge, 20 Ind. 204, 209; Birmingham Paint Co. v. Crampton (Ala. Sup.) 39 So. 1020; The Rossend Castle (D. C.) 30 F. 462; Fox v. Williams, 92 Wis. 320, 66 N. W. 357; Sanders & Adkins v. Mosbarger, 159 Mo. App. 488, 141 S. W. 720; Dechenbach v. Rima, 50 Or. 540, 93 P. 464.

The order of the District Court is affirmed.